**STATE of Missouri, Respondent,**

v.

**John JONES, Appellant.**

**No. 42037.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Charles M. Shaw, Shaw, Howlett & Schwartz, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Herbert A. Kasten, Jr., Ste. Genevieve, for respondent.

REINHARD, Judge.

A jury convicted defendant of the offense of rape and assessed punishment at seven years with the Department of Corrections. The court sentenced him in accordance with the verdict of the jury and he appeals. We affirm.

The evidence showed that the offense occurred on July 28, 1978. The victim was traveling with another woman from Sikeston to St. Louis along Highway 55. The car, which belonged to the victim, overheated. The victim stopped along the road and filled the radiator. A man in a pickup truck offered help, and then followed the victim to a filling station. There, an attendant again filled the radiator. The man in the pickup told the victim he would follow her to make sure she made it safely to the next exit. On the highway, he signalled her to pull over and told her he had seen water coming from her car. He opened the hood and began using his pocket knife to remove the radiator cap. He told the women he would need some water and they went to get it out of the trunk. He told them, when they returned, that the radiator hose was leaking and would have to be replaced.[1] He offered to take the victim to town to purchase a new one. She accompanied him in his truck and her companion remained with the car. After the victim made the purchase, the man drove her past the entrance to the highway and pulled out a gun. He drove to a dead–end road where he raped her. He then returned her to the car. The victim was able to remember and copy down the license plate number of the truck. The defendant was apprehended and was tried on July 27, 1979. He was positively identified at trial.

Defendant raises three points on appeal. In his first, he contends that the court erred because it submitted the wrong version of MAI–CR 2.01 as Instruction No. 1. The court submitted the version of MAI–CR 2.01 which had become effective on January 1, 1974. Defendant contends that because the date of trial was July 27, 1979 the submitted instruction should have been the new version of MAI–CR 2.01 which became effective on January 1, 1979.

Support for defendant's position is found in the Supreme Court order dated January 1, 1979, which made new pattern jury instructions effective as of that date.

> Pursuant to Rule 20.01 providing for approval of pattern instructions to juries and verdict forms in criminal cases, *the following MAI–CR forms are approved and made effective this date*, and shall be published by The Missouri Bar pursuant to said Rule: . . . 2.01 . . . . . (Emphasis original).

1 MAI–CR2d XIII.

Assuming that defendant's contention is correct and that the new instruction MAI–

---

1. Later evidence strongly suggested the hose had been cut.

CR 2.01 should be given in cases tried after January 1, 1979 [2], it was error to gives the old instruction. Rule 20.02(e). Any error, however, would not be prejudicial. The new instruction 2.01 is almost identical with the old instruction 2.01.[3]

 Defendant's second point is that the trial court should have declared a mistrial after the prosecuting attorney asked the jurors two questions at voir dire. The two questions were: (1) "Does anyone here feel that by wearing a halter top and short shorts, an attractive woman thereby forfeits her right to human dignity and bodily integrity?"[4] (2) "Does anyone here feel that if a young lady is sexually attractive, she is just asking to be raped?"

The purpose of voir dire is to discover facts which will either form a basis for a challenge for cause, or assist in the enlightened use of peremptory challenges. *State v. Miller*, 207 S.W. 797, 798 (Mo.1918). This applies to the state as well as to the defense. *State v. Granberry*, 484 S.W.2d 295, 299 (Mo.banc 1972). We feel these questions were designed to expose a bias which would assist the state in making an enlightened peremptory challenge. Furthermore, we do not find them to be generative of any prejudice against defendant.[5] Control over voir dire lies within the discretion of the trial court, *State v. Ward*, 569 S.W.2d 341, 345 (Mo.App.1978). We find no abuse here.

 Defendant next contends that a comment made by the prosecutor was an

2. It is apparent that the adoption of the new pattern instructions by Rule of the Court dated January 1, 1979 has created considerable confusion as to the use of the instructions in cases, such as this one, in which the offense occurred prior to January 1, 1979 and the trial was held subsequent to that date. Judge Richardson, Chairman of the Supreme Court's Committee on Pattern Charges and Instructions, was aware of the confusion when he wrote the following in The Journal of The Missouri Bar:

> Unfortunately, some confusion has arisen as to whether to use the second edition of MAI CR in connection with the trial of cases committed before January 1, 1979. Because of the urgency of the matter a memorandum was circulated in January, 1979, clarifying this matter. The memorandum represents a concensus of the Supreme Court's Committee. It was not an official mandate or ruling of the Supreme Court. It read as follows:
> 'The first edition of the MAI Criminal Instruction book (the old book) should be used for offenses *committed before* 1 1 -79, even if *charged* after said date.
> 'The second edition of the MAI Criminal Instructions (the new volumes) should be used for all code and non code offenses *committed on or after 1 1- 79*' (Emphasis original).

Richardson, *Pattern Criminal Indictments, Informations and Jury Instructions for Missouri Some Footnotes for a Treatise*, 35 J.Mo.B. 13, 27.

Although we see no exceptions for use of the pattern instructions in the Supreme Court order, it is apparent that in trials for offenses committed prior to the effective date of the new criminal code, some of the old instructions would have to be used. The judge here followed the advice of Judge Richardson and his committee.

3. The difference occurs in the third paragraph. The old instruction reads:

> In determining the believability of a witness and the weight to be given to his testimony you may take into consideration his manner while testifying, his ability and opportunity to observe and remember any matter about which he testifies, any interest, bias or prejudice he may have, the reasonableness of his testimony considered in the light of all of the evidence in the case, and any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness. The new instruction reads:
> In determining the believability of a witness and the weight to be given to testimony of the witness you may take into consideration the witness' manner while testifying, the ability and opportunity of the witness to observe and remember any matter about which testimony is given, any interest, bias or prejudice the witness may have, the reasonableness of the witness' testimony considered in the light of all of the evidence in the cases, and any other matter that has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness.

4. This question was based on the evidence of the victim's attire on the day of the offense.

5. The cases to which defendant cites us, in which the prosecuting attorney's statements were held improper, involve damaging and irrelevant questions on cross examination, *State v. Spencer*, 307 S.W.2d 440, 445 (Mo.1957); *State v. Jones*, 306 Mo. 437, 268 S.W. 83, 86 (1924), and pointed references in closing arguments to further crimes the defendant might commit. *State v. Heinrich*, 492 S.W.2d 109, 115, 116 (Mo.App.1973); *State v. Groves*, 295 S.W.2d 169, 173 (Mo.1956).

expression of an opinion of the defendant's guilt which was not based upon the evidence. The rule is that a prosecutor cannot "express to the jury in argument his belief of the defendant's guilt in such a way that he implies knowledge on his part of facts not in evidence pointing to such guilt. . . . But it is equally well settled that a statement by the prosecuting attorney in argument indicating his opinion that the accused is guilty, where it is apparent that such opinion is based on the evidence in the case, is permissible." *State v. Chester*, 445 S.W.2d 393, 399 (Mo.App.1969). The statement here was "I don't know what more evidence we could present to you in this case." The transcript reveals that the complained of remark followed a review of the evidence and was not an expression of an opinion as to defendant's guilt. *See State v. Haynes*, 528 S.W.2d 11 (Mo.App.1975).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.