**STATE of Missouri, Respondent,**

v.

**Richard Eric FRANK, Appellant.**

**No. 44414.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

Ronald J. Kaden, Shaw, Howlett & Schwartz, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Dennis Kehm, Pros. Atty., Hillsboro, for respondent.

REINHARD, Presiding Judge.

Defendant appeals after his conviction by a jury of the offense of assault in the first degree with a dangerous instrument. In accordance with the jury's assessment, the court sentenced defendant to ten years imprisonment. We affirm.

The state's principal witness at the trial was the victim's girlfriend, Kathleen. Defendant agreed that Teddy, the victim, was so severely injured that he could not testify. Teddy and Kathleen had been dating for a period of a year and a half. The two had broken up, and Kathleen had briefly dated the defendant, but Kathleen and Teddy had reconciled a few weeks before the incident in question. Teddy barely knew the defendant.

Kathleen testified that on the evening in question, she and Teddy attended a party at defendant's home. Before and during the party, they drank, took valium, and smoked marijuana. Teddy passed out. Kathleen said she roused him, and he moved into the kitchen and sat down at the table. Kathleen wanted to leave, but Teddy was reluctant. Kathleen told Teddy that she would leave without him, and he responded that he would poke her eyes out if she did. At that point, defendant leaned across the table and punched Teddy twice. Teddy fell out of his chair. Defendant assured Kathleen "everything was cool," and backed away from the table. Kathleen testified that she turned away for a moment, and when she turned back around, defendant was raising a log above his head. He brought it down and struck Teddy saying, "I will kill you."

A neurosurgeon testified that Teddy sustained fractures of his right hand, his face, and his skull. He said that at the time of trial Teddy was decerebrate, and his prognosis for Teddy's recovery was "nil."

Defendant testified that Kathleen and Teddy were arguing and he attempted to stop the argument. He stated that Teddy threatened to shoot defendant's eyes out and then reached into his coat pocket. Defendant believed Teddy was reaching for a gun. Defendant said he grabbed Teddy and they wrestled to the floor. He stated that he did not strike Teddy, but Teddy struck him.

The court gave first and second degree assault instructions and, at defendant's request, a self-defense instruction. The court did not give the jury the instruction on assault in the third degree requested by defendant.

■ Defendant argues that the state failed to make a submissible case and, therefore, that the court erred in overruling his motion for a judgment of acquittal. The state's evidence recited above supports a finding of guilt of assault in the first degree. There are minor inconsistencies in the testimony of the principal witness, but those are matters of the credibility and weight of her testimony to be determined

by the jury and are not for review on appeal. *State v. Wright,* 476 S.W.2d 581, 584 (Mo.1972).

Defendant also argues that Instruction No. 6 given by the court erroneously states the law. That instruction sets out the elements of assault in the second degree and follows MAI–CR2d 19.04.1. Initially, we note that defendant raises his objection to Instruction No. 6 for the first time on appeal. In any event, we find no error in the court's giving that instruction. When the proper MAI–CR2d instruction is given, we are powerless to declare it erroneous. *State v. Finch,* 611 S.W.2d 405, 406 (Mo.App.1981). Furthermore, defendant was not prejudiced by and may not object to the instruction on an offense for which he was not convicted. *State v. Cook,* 428 S.W.2d 728 (Mo.1968).

Defendant also contends that the court erred by failing to give the instruction defendant offered on assault in the third degree, a lesser included offense of assault in the first degree. Failure to instruct on a lesser included offense is error when the evidence supports a finding of guilt on the lesser offense. However, where, as here, the evidence will not support a finding of innocence on the charged offense and of guilt on the lesser included offense, the court's failure to so instruct is not error. *See* § 556.046.2 RSMo. 1979; *State v. Brandon,* 606 S.W.2d 784, 787 (Mo. App.1980). The state's evidence supported a finding of guilt on either first or second degree assault. The defendant's evidence was directed toward establishing that defendant's contact with the victim was in self-defense. None of the evidence supported a finding of guilt of assault in the third degree. The jury was properly instructed.

Finally, defendant contends the trial court erred in failing to grant a requested mistrial during voir dire examination. The prosecuting attorney stated, "There are some other witnesses that may be called not by the state, but again I would like to give you these names and ask if anyone knows these people." Defendant moved for mistrial on the ground that the statement implied the burden of proof was on the defendant. The judge then instructed the prosecuting attorney to disclose only the names of the witnesses about whom he was questioning the jury. The portion of the transcript before us shows only the state's question and the defendant's objection, but it appears the names of the state's witnesses had previously been disclosed to the jury by the prosecuting attorney.

Control over voir dire lies within the discretion of the trial court. *State v. Jones,* 604 S.W.2d 665, 667 (Mo.App.1980). The state had a right to inquire into the jurors' relationships with possible witnesses. The court used good judgment in restricting the prosecuting attorney to disclosing only the names of the potential witnesses to the jurors. Further, the court properly instructed the jury on the burden of proof. Whether to grant a mistrial is a matter within the discretion of the trial court. *State v. Reynolds,* 608 S.W.2d 422, 427 (Mo. 1980). We find the court did not abuse its discretion by overruling defendant's motion for a mistrial.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.