**STATE of Missouri, Respondent,**

v.

**John A. CRENSHAW, Appellant.**

No. 46366.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 6, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 24, 1984.

Thomas S. Hyatt, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged defendant John A. Crenshaw as a persistent offender with armed robbery of two men and felonious assault on one of them. Pursuant to the verdict the court sentenced defendant to two concurrent 30-year terms for the robberies and a consecutive 30-year sentence for assault. Defendant has appealed.

Here defendant first challenges violation of the 180-day rule. He also contends the court erred in denying objection to a statement attributed to an absent witness. Last defendant claims the trial court erred in admitting a stocking cap found at the robbery scene.

■ We deny defendant's reliance on the 180-day rule. Substantial portions of the delay were not chargeable to the state. More than 48 days of delay were caused by essential witness officer Reiter being hospitalized. Delay is excusable when the presence of an essential witness cannot be had. Section 545.780(2) RSMo 1978. When defendant failed to appear when the cause was set for trial on January 5, 1982 a capias was issued and he was again arrested on February 19, 1982. Trial was further delayed by defendant's requested mental examination. Other delays are conditionally excluded when as here were ordered "for the parties". See *State v. Harris,* 639 S.W.2d 122[6] (Mo.App.1982).

We hold defendant has failed in his burden to show failure to be tried in 180 days "was occasioned by the state". Section 545.780(5) RSMo 1978, and see *State v. Franco,* 625 S.W.2d 596[2] (Mo.1981).

We deny defendant's motion to dismiss under the 180-day rule and take up his point challenging the state's evidence that unavailable robbery victim John McRoy had told police defendant had taken a ring off his finger. The state contends McRoy's statement was admissible as res gestae.

Just before the robbery state's witness Maurice Carnes the motel's custodian was in the office with manager John McRoy. Carnes testified preliminarily that he knew McRoy wore a gold horseshoe ring.

Police officer Michael Goodrich testified about arresting the two robbers; that while hand-cuffing defendant the manager John McRoy came up and attempted but failed to take a ring off defendant's finger. The officer described the ring similarly to the description by witness Carnes. The officer then asked McRoy what he was doing. Defense counsel objected to this as hearsay but was overruled. Then the officer's critical response: "Mr. McRoy stated that it was his ring, that defendant had taken it off his finger." This was moments after a robber had held McRoy with a pistol to his head. We bear in mind that both witness Carnes and officer Goodrich similarly described McRoy's ring.

Here defendant cites *State v. Hook,* 432 S.W.2d 349[1–4] (Mo.1968) holding:

"The essential test of whether a hearsay statement is admissible as a . . . declaration is . . . whether it is a spontaneous statement produced by the event itself."

Beyond declaring this principle *Hook* is not persuasive; it concerns multiple questions put to a child rape victim.

■ Here, it appears at the time of his now challenged declaration McRoy was upset by the recent assault in which a gun had been held at his head and his valuable ring had been stolen. As in *State v. Rogers,* 585 S.W.2d 498[16–19] (Mo.App.1979) his statement indicated spontaneity and the court ruled the test thereof is "whether under all the circumstances, the speaker may be considered as speaking under the stress of the nervous excitement produced by the event." Similarly, in *State v. VanOrman,* 642 S.W.2d 636[5–6] (Mo.1982) the court ruled:

"The key requirements of the admissibility of such an extra-judicial statement are that the declarant has been subjected to a startling occasion, the statement is made before time to fabricate, and relates to the circumstances of the occurrence."

We deny defendant's hearsay objection to the challenged statement by victim McRoy.

Defendant's last point challenges the admission of state's exhibit No. 18, a ski mask found in the laundry room behind the motel office. There defendants had held manager McRoy and custodian Carnes captive and there was found the discarded plastic tape defendants had used to bind victim Carnes. Nearby police found the challenged ski mask. Carnes testified it was neither his nor McRoy's.

■ Challenged exhibit 18 was twice referred to without defense objection in the

state's case. And the court had admitted it in evidence, still without defense objection. Only timely made and adversely ruled objections may be ruled on appeal. *State v. Shaw,* 646 S.W.2d 52[8] (Mo.1983).

We hold there was no error, plain or otherwise, in the now challenged admission of the ski mask.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.