**In re MARRIAGE OF Janet SIESENER and Charles W. Siesener.**

**Janet SIESENER, Petitioner-Appellant,**

v.

**Charles W. SIESENER, Respondent.**

**Nos. 47212, 47213.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

**STATE of Missouri, Respondent,**

v.

**Robert MOORE, Appellant.**

**No. 47360.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Defendant was convicted of possession of a schedule IV controlled substance in violation of § 195.270, RSMo.1978 and was sentenced to a three year term of imprisonment with the Department of Corrections. He appeals. We affirm.

On September 15, 1982, at approximately 10:30 p.m., two St. Louis police officers had an apartment building at 5526 Maple under surveillance. At that time, defendant and a man identified as Cunningham were observed in the entrance area of the apartment courtyard. After ten minutes, a man identified as Larry Bruce approached and went into the courtyard. He reappeared a few minutes later and left. The officers approached him and he dropped an envelope on the ground which contained a blue and pink pill. He was arrested for possession of a controlled substance. Two additional officers were summoned. The four officers entered the courtyard and observed defendant throw down a plastic bag which contained 46 blue tablets, 47 beige tablets and 6 empty envelopes. A chemical analysis of the beige tablets revealed they were Talwin (pentazocine), a controlled substance. In addition, $14.00 in dollars bills were seized from defendant.

Defendant contends the trial court committed error in allowing the police officers to testify that they seized an envelope from Larry Bruce which con-

tained a controlled substance. At trial, defendant made no objection to the testimony and made no reference to it in his motion for a new trial, preserving nothing for review. *State v. Doney*, 622 S.W.2d 227 (Mo. App.1981). He requests that we review it under the plain error rule. Rule 30.20. We find no error, let alone plain error and deny his point.

Defendant, relying on *State v. Frey*, 459 S.W.2d 359 (Mo.1970), also contends that the court erred in denying a motion *in limine* to prevent the state from impeaching defendant by use of a 1971 guilty plea for possession of. marijuana in which defendant received a suspended imposition of sentence.

After the trial court denied defendant's motion *in limine*, the prosecuting attorney asked defendant, on cross-examination, whether he had any convictions. Defendant stated he had three convictions, one for possession of marijuana, one for accessory after the fact to burglary, and one involving a motor vehicle without the owner's consent. Defense counsel made no objection to the reference to the possession charge. To properly preserve for review the admission of evidence complained of in a motion *in limine*, an objection must be made at trial. *State v. Foster*, 608 S.W.2d 476, 478 (Mo.App.1980). Consequently, we must also review this point under the plain error standard, that is whether error affecting defendant's substantial rights resulted in a manifest injustice or a miscarriage of justice. The state urges that changes in 1981 to § 491.050 allows defendant to be impeached by the plea of guilty. *See State v. Jackson*, 651 S.W.2d 547 (Mo. App.1983). However, we need not resolve this issue. The state made a strong case of defendant's guilt. Even if this was error, there was no manifest injustice or a miscarriage of justice.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.