**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Donnie HAWKINS,
Defendant-Appellant.**

No. 14183.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 16, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 7, 1986.

Application to Transfer Denied
Jan. 15, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

W. Swain Perkins, Larry Dean Kissee, L. Gary Dellinger, Thayer, for defendant-appellant.

GREENE, Judge.

Defendant, Donnie Hawkins, was charged with first degree assault, but convicted of second degree assault, and sentenced to four years' imprisonment as punishment for the crime.

Viewed in the light most favorable to the state, the evidence was that Donnie, believing that his first cousin, James "Rocky" Hawkins, was the "cause of all his problems," shot Rocky in the right lower jaw with a .44 magnum caliber Smith and Wesson revolver, causing extensive damage to his face, teeth, tongue and jaw.

In his first point relied on, Donnie contends that the trial court committed reversible error by allowing, over objection, questions directed to Donnie on cross-examination which implied his participation in unrelated criminal activity.

As a part of the state's case, Rocky testified that prior to the shooting he and Donnie were on good terms, and that they had worked together at a construction company, and later, at the South Fork Ranch in Howell County, Missouri. He also testified that Donnie quit his ranch job. During the presentation of his defense, Donnie testified that he quit the South Fork job because he was not making enough money to pay his bills.

On cross-examination, in an apparent effort to discredit his testimony, the prosecuting attorney asked Donnie if, when he left his job at the ranch, "[y]ou were in a little bit of trouble for maybe taking some items that didn't belong to you ....?" Donnie's attorney immediately objected, requested that the trial court declare a mistrial, or in the alternative to instruct the jury to disregard the question. All requests for relief were denied by the trial judge, who opined that the prosecutor could cross-examine Donnie "on those points which you opened up." The question was then repeated. Donnie denied taking any items or equipment from his ranch employer, and denied being fired.

A defendant in a criminal case who testifies in his own behalf may be

impeached as any other witness through cross-examination or by rebuttal evidence. Even though the scope and extent of cross-examination rests largely in the discretion of the trial court, cross-examining a defendant regarding alleged prior acts of misconduct, particularly where details are stated, such as the date, location, victim or nature of the unrelated crime, "lends itself to the creation of substantial prejudice even though the answers are in the negative." *State v. Dunn*, 577 S.W.2d 649, 651–653 (Mo.1979). *See also State v. Pierce*, 595 S.W.2d 748, 750–751 (Mo.App. 1980).

■ Here, the question asked by the prosecutor regarding why Donnie left his ranch job was improper. A motive for the shooting is clearly evident in the record, which was Rocky's involvement with Donnie's wife, which Donnie admitted made him angry, and which, coupled with his loss of job at the ranch, caused him "all his problems." As explained in *State v. Collins*, 669 S.W.2d 933, 936 (Mo. banc 1984), although there are situations in which evidence of other crimes may be admitted in support of such issues as motive, intent, absence of mistake or accident, common scheme or plan, or the identity of the person charged, evidence of unrelated criminal conduct should be received "only where there is strict necessity." There was no strict necessity to admit such evidence in this case, and it was error to do so.

■ While the erroneous admission of unrelated crimes evidence is presumed to be prejudicial, *State v. Brooks*, 675 S.W.2d 53, 59 (Mo.App.1984), the presumption is not conclusive, and it may be overcome by the facts and circumstances of a particular case. *Burton v. State*, 641 S.W.2d 95, 99 (Mo. banc 1983). Such is the case here. It is hard for us to believe that the jury attached any significance to the improper question. We note that the jury found defendant guilty of second degree assault, rather than the charged first degree assault, and that the greater charge was supported by uncontradicted evidence. This indicates that the question did not inflame the jury and cause them to substitute passion and prejudice for reason in determining Donnie's fate. The stark dissimilarity between the charged crime of assault and the implied crime of stealing from an employer is a significant factor indicating harmlessness of the error in question. *See State v. Cleveland*, 583 S.W.2d 263, 266 (Mo.App.1979). Finally, error, which in a close case might call for reversal, may be disregarded as harmless when the proof of guilt is strong. *State v. Ford*, 639 S.W.2d 573, 576 (Mo.1982).

Here, the victim identified Donnie, both immediately after the shooting and again at trial, as the person who shot him. He identified a .44 magnum Smith and Wesson revolver seized from Donnie at the time of the arrest as the gun used to shoot him. The pistol had been recently cleaned. Bullet fragments taken from Rocky's neck during surgery were identified as coming from a .44 magnum bullet with Smith and Wesson characteristics. The motive for the attack was evident in the record—Donnie believed that his wife and Rocky were having an affair. Although the prosecutor's inappropriate question cannot be condoned, we hold the error in asking the question was harmless.

Donnie also contends that the trial court erred in allowing rebuttal evidence from state's witness Barbara Hawkins (Donnie's ex-wife) that he had engaged in growing marijuana.

■ Donnie's lawyer, in an attempt to show that Rocky was shot by someone other than Donnie, asked Rocky, on cross-examination, if he had grown marijuana and received threats because of such activity. Rocky denied this. On direct examination, Donnie stated that Rocky was growing marijuana and wanted Donnie to help him, but that he had refused. The rebuttal testimony by Barbara contradicted Donnie's statement, as she said that he (Donnie) had been involved in the growing of marijuana. This question was not objected to at trial. Therefore, the issue was waived, as only timely and adversely ruled on objections may be raised on appeal.

*State v. Crenshaw,* 664 S.W.2d 224, 225–226 (Mo.App.1983). Even if an objection had been raised to the rebuttal testimony, it would have had no merit, as the testimony was offered to impeach Donnie's testimony given in direct examination that he had not engaged in marijuana growing. The point has no merit.

In his next point relied on, Donnie asserts that Rocky's testimony regarding details of the shooting was so in conflict with the testimony of other state witnesses that it should be deemed "destructive" and, therefore, there was insufficient evidence to sustain a criminal conviction, citing *State v. Burns,* 671 S.W.2d 306, 311–312 (Mo.App.1984).

*Burns* holds that the "destructive testimony" rule that where inconsistencies or contradictions in the testimony of a witness are so rampant as to preclude reliance on the testimony, then such testimony has no probative value. Donnie contends that Rocky testified he was shot in the neck, that after Donnie shot him, he had "powder burns all over" his body, that the gun Donnie used to shoot him was Donnie's .44 magnum Smith and Wesson revolver, and that the shooting occurred about 8:30 to 9:00 p.m. on the day in question. Defendant asserts that such testimony conflicts with that of other state's witnesses, none of whom were eye-witnesses to the shooting, that Rocky was shot in the right side of the face, that no powder burns were observed on Rocky after the shooting, and that ballistics experts could not determine if bullet fragments taken from Rocky's neck matched markings on bullets test-fired from Donnie's pistol.

 As pointed out in *Burns,* supra p. 70, at 312, contradictions between the testimony of a victim and the testimony of other witnesses affect credibility, not submissibility, and in such cases, as here, the destructive testimony doctrine does not apply. Any differences between Rocky's testimony and that of other state witnesses concerning the location of the wound, the distance from which he was shot, and similar details were inconsequential and matters for the jury to consider.

In his final point, Donnie claims that Instruction No. 4 (MAI–CR2d 2.20 [1984 Revision] Burden of Proof and Related Matters) given at trial is confusing and shifts the burden of proof on the issue of guilt by requiring defendant to produce proof on the reasonable doubt issue. The instruction complained of reads as follows:

The charge of any offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense.

The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.

A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you will find him guilty. If you are not so convinced, you must give him the benefit of the doubt and find him not guilty.

 The trial court was required by law to define reasonable doubt. § 546.-070(4), RSMo Supp.1984. The instruction given tracks MAI–CR2d 2.20, the usage of which was mandatory on the date of trial. An instruction which exactly follows the format of an approved criminal law instruction will not be deemed to be error. *State v. Newlon,* 627 S.W.2d 606, 614 (Mo. banc), *cert. denied,* 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). Any quarrel with the format of the instruction should be directed to the supreme court, as they approved it, and we would be powerless to declare it erroneous, even if we thought it

were. *State v. Frank*, 639 S.W.2d 209, 211 (Mo.App.1982). The point has no merit.

Judgment affirmed.

CROW, P.J., and FLANIGAN and MAUS, JJ., concur.