STATE of Missouri, Respondent,

v.

**Henry HENDERSON, Appellant.**

**No. 51262.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 30, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 27, 1987.

Application to Transfer Denied
March 17, 1987.

Holly G. Simons, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from convictions for sodomy and attempted rape, for which defendant was sentenced, by the court as a prior and persistent offender, to thirty years' imprisonment for sodomy, and fifteen years' imprisonment for attempted rape. The sentences were to be served consecutively.

On the morning of September 2, 1985, victim's mother, who was living with defendant, went to purchase breakfast, leaving her daughter with defendant. When the mother returned, victim, who was four years old at the time of the trial, acted "strange" and "funny," but would not tell her mother why. This continued during a visit to victim's maternal grandmother. Finally, victim's mother asked if defendant "had tried to do anything to her," and victim responded affirmatively.

Victim was then taken to the juvenile center. She was interviewed by an officer there, and told him, in language suitable to her age, she had been raped and sodomized. Examination at Cardinal Glennon Hospital revealed linear tears near her rectum, and a slightly enlarged vaginal orifice. These findings were consistent with her story.

Defendant, after making a proper record, waived the assistance of counsel and chose to defend himself *pro se*. He presented no evidence or witnesses at trial, but attempted to establish victim's mother told her to lie concerning the assault. Some of victim's answers upon cross-examination could support such a conclusion. Following conviction, defendant accepted appointed counsel and proffers two points on appeal. As neither point was preserved in the trial court, review is sought here under the rubric of plain error. Rule 29.12(b). As no manifest injustice or miscarriage of justice appears, we affirm.

■ In his first point, defendant argues the testimony of the four-year-old victim was so contradictory and inconsistent it had no probative value, and absent that testimony, the evidence was insufficient to support the verdict. When the testimony of a witness is so filled with contradiction and inconsistency as to preclude reliance thereon, it has no probative value. *State v. Hawkins*, 703 S.W.2d 67, 70 (Mo.App.1985). However, contradictions do not rob testimo-

ny of probative force if the contradictions bear upon non-essential points, *State v. Ellis*, 710 S.W.2d 378, 380 (Mo.App.1986), or if they arise between the testimony of the victim and another witness. *Hawkins*, 703 S.W.2d at 70. In either case, the conflicts affect only the credibility of the witnesses, and not the submissibility of the case. *Id.* at [7]; *Ellis*, 710 S.W.2d at 382.

In the instant case, some of the inconsistencies complained of by defendant arise between the testimony of victim and that of her mother. This clearly presents a question of credibility. *Hawkins*, 703 S.W.2d at 70. Other contradictions defendant could have asserted appear to have arisen solely on questioning that confused not only the witness, but the trial court and the prosecutor as well.

■ In defendant's other point on appeal, he asserts the court plainly erred in failing to act *sua sponte* to correct an argument by the prosecutor which defendant perceives to impugn his right not to incriminate himself. Defendant's opening statement, charitably viewed, indicates he would show he was never given a chance to tell his side of the story to the police. However, testimony of one of the police officers, elicited by defendant in cross-examination, revealed that defendant "made no statement except for yelling that you didn't do it." In her closing argument, the prosecutor recalled defendant's opening statement, and observed the testimony revealed defendant, after being read his rights, "wouldn't say anything. All you kept doing was yelling I didn't do it, I wouldn't do it. You wouldn't make a statement. You wouldn't tell us anything."

While it is improper to comment on an arrestee's post-arrest silence, *State v. Van Doren*, 657 S.W.2d 708, 716 [14] (Mo.App. 1983), such did not occur here. As defendant did in fact speak, there was no comment on a post-arrest "silence." *Id.* Rather, it was a comment on the inconsistency between the evidence and defendant's opening statement. We find defendant did not suffer a manifest injustice or miscarriage of justice as a result of this argument. *See Ellis*, 610 S.W.2d at 386–87.

The judgment is affirmed.

SATZ, P.J., and KELLY, J., concur.