**STATE of Missouri, Respondent,**

v.

**Terry S. JOHNSTON, Appellant.**

**No. WD 42126.**

Missouri Court of Appeals, Western District.

March 27, 1990.

KENNEDY, Presiding Judge.

Appellant was convicted of second-degree burglary after a jury trial.

The evidence was that Curtis Thompson and another burglarized the United Savings and Loan offices at Laurie, Missouri. Thompson testified that his accomplice was appellant Terry Johnston. Johnston did not testify but put forward an alibi defense by the testimony of his girlfriend.

■ On this appeal defendant says that the testimony of State's witness police officer Mark Parent who testified that defendant had made the statement to him that "he didn't want to talk because he was facing too much time" was erroneously admitted. An accused's post-arrest silence cannot be used against him under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Borotz*, 654 S.W.2d 111, 114 (Mo.App.1983); *State v. Leonard*, 606 S.W.2d 403, 407 (Mo.App. 1980).

The State urges that Officer Parent's testimony that defendant "didn't want to talk because he was facing too much time" was admissible, because the statement was not an invocation or an exercise of defendant's right to remain silent, but was actually an inculpatory statement. The State cites for this proposition the following cases: *State v. Antwine*, 743 S.W.2d 51, 70–71 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988); *State v. Laws*, 661 S.W.2d 526, 529 (Mo. banc 1983); *State v. Henderson*, 724 S.W.2d 659, 661 (Mo.App.1986); and *State v. Van Doren*, 657 S.W.2d 708, 716 (Mo. App.1983).

No objection was made to this testimony by Officer Parent at the trial, nor was it complained of in defendant's motion for a new trial. It is therefore not preserved for review. *State v. Van Orman*, 642 S.W.2d 636, 638 (Mo.1982); *State v. Stidum*, 684 S.W.2d 448, 450 (Mo.App.1984); *State v. Moore*, 670 S.W.2d 550, 552 (Mo.App.1984).

Defendant asks that we treat the admission of the offending testimony as plain error under Rule 30.20. We do not believe that the admission of this testimony result-

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

ed in "manifest injustice" to the defendant. The evidence of defendant's guilt was very persuasive and we are confident that the officer's testimony did not cause a wrongful conviction. To place the testimony in its context, we quote Officer Parent's account in which the offending statement appears in italics:

Following the miranda [defendant Johnston] told me that he had thought about it and he wanted to make a statement about the case. He indicated then that he felt that Rob Marriott had helped Curtis Thompson in the burglary. He said that Curtis Thompson had asked him, Terry Johnston, to participate in the burglary but that he, Johnston, refused. Johnston said he loaned his motorcycle to Thompson for the commission of the crime. And he and Thompson rode the motorcycle to the Gravois Mills conservation access area where Johnston exited the motorcycle. Thompson was to then continue on to a girlfriend's house and return. After some time Thompson had not returned Johnston indicated he left on foot to return to the Thompson residence. At about daylight he said he then waited at the Thompson residence for Thompson to return and he did in fact return at or about daylight and he said that Thompson told him then that he, Thompson, had in fact committed the burglary.

.    .    .    .    .

*I told him—I asked him if he was innocent in the first place why was he afraid to tell us this story to begin with and also a prior statement he made to me was that he didn't want to talk because he was facing too much time.* I asked him at this time if he was afraid of facing so much time, how could he be afraid of that if he was innocent all along. I told him the story sounded ridiculous and was not believable. He then agreed with me and said he did not want to put his statement in writing at that time and that he needed more time to think. Then I returned him to the jail cell.

■ Defendant next urges that we vacate the conviction and grant a new trial because of the alleged ineffectiveness of his counsel in failing to object to Officer Parent's testimony of defendant's post-arrest refusal to make a statement, and in failing to complain about the same in defendant's motion for a new trial. Ineffectiveness of trial counsel, however, cannot be raised on direct appeal, and may be raised if at all in a Rule 29.15 proceeding. *State v. Wheat,* 775 S.W.2d 155, 157–58 (Mo. banc 1989), *cert. denied,* — U.S. ——, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990).

■ Defendant says that he should be entitled to raise ineffective assistance of trial counsel in his direct appeal, despite the holding of *State v. Wheat,* 775 S.W.2d at 157–58, because the trial court at the time of sentencing did not advise him of the time within which a Rule 29.15 motion was required to be filed. Rule 29.07(b)(4) provides: "If a defendant has a right to proceed under ... Rule 29.15, the court at the conclusion of final sentencing shall advise the defendant of such right...."

The court undertook to comply with the foregoing injunction by telling the defendant after he had sentenced him:

Additionally, having been sentenced to confinement by the State Department of Corrections, you do have a right to file a post-conviction motion to modify or set aside your sentence. This is available to you if you believe that your conviction or your sentence violates the constitution and laws of the State of Missouri or the Constitution of the United States or if you believe that this court as the court imposing the sentence is without jurisdiction to do so or that the sentence imposed is in excess of the maximum sentence provided by law.

We believe that the foregoing advice by the trial court complied with the portion of Rule 29.07(b)(4) which we have quoted above, without advising defendant of the time within which such motion should be filed. We do not hold that failure of the trial court to give the advice required by Rule 29.07(b)(4) would in any way relax the time requirements within which a Rule 29.-

15 motion or a Rule 24.035 motion must be filed, nor that such failure or omission would make ineffective assistance of trial counsel cognizable on direct appeal.

Judgment affirmed.