**STATE of Missouri, Respondent,**

v.

**James O. BROOKS, Appellant.**

**No. WD 37593.**

Missouri Court of Appeals,
Western District.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 25, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Sean O'Brien, Public Defender, Bruce R. Anderson, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before BERREY, P.J., and
PRITCHARD and DIXON, JJ.

OPINION

BERREY, Presiding Judge.

Brooks alleges instructional error in challenging his convictions by a jury of the offenses of attempted rape and sodomy and his sentencing as a persistent offender to concurrent terms of seven and twelve years imprisonment, respectively.

The judgment is affirmed.

The details of the underlying offenses are not relevant to this appeal and they will not be recounted here. Brooks, in his sole point on appeal, contends that the trial court committed reversible error in submitting instructions patterned on MAI–CR2d 1.02 and 2.20. Both instructions contain the following language:

The charge of any offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty of an offense.

The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty. A reasonable doubt is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you will find him guilty. If you are not so convinced, you must give him the benefit of the doubt and find him not guilty.

Brooks contends that the definition of reasonable doubt, as that proof which leaves the jury "firmly convinced" of a defendant's guilt, reduces the state's burden of proof below that required by the due process clauses of the Missouri and federal constitutions.

Brooks, recognizing that his claim was improperly preserved in that the instructions went unchallenged both at trial and in his motion for new trial, seeks review under the plain error rule. Rule 30.20 is only available where the trial court has either so misdirected or failed to instruct the jury as to cause manifest injustice or a miscarriage

of justice. *State v. Davis*, 675 S.W.2d 652, 656 (Mo.App.1984).

MAI–CR2d 1.02 and 2.20 are mandatory instructions which follow the dictates of § 546.070(4), RSMo Cum.Supp.1984, and which must be given in all criminal proceedings. MAI–CR2d 1.02, Notes on Use, 1; MAI–CR2d 2.20, Notes on Use, 2; § 546.070(4). This court is without authority to declare pattern instructions adopted by the Missouri Supreme Court to be erroneous. *State v. Turner*, 705 S.W.2d 108, 110 (Mo.App.1986). The point is denied upon a finding of no error, plain or otherwise.

The judgment is affirmed.

PRITCHARD, J., concurs.

DIXON, J., dissents in separate opinion filed.

DIXON, Judge, dissenting.

I respectfully dissent for the reasons stated in *State v. Singer*, 719 S.W.2d 818 (Mo.App.1986).