**STATE of Missouri, Respondent,**

v.

**Danny C. SMITH, Appellant.**

**No. 54833.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 18, 1990.

Mary C. McWilliams, Henry B. Robertson, St. Louis, Nancy McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from defendant's jury conviction for murder in the second degree. Defendant was sentenced as a prior and persistent offender to thirty years' imprisonment. We affirm.

Viewed in a light most favorable to the verdict, the evidence adduced at trial was as follows: On February 25, 1986, between the hours of 11 a.m. and 1 p.m., defendant and Michael Moore visited Rashid Walker's apartment. Defendant had previously told Moore he had set up a burglary at the apartment of Mary Henderson, the victim. Defendant said he had also asked Steve Mayo to assist in the burglary.

Defendant went into the kitchen at Walker's apartment and sat down with Marjorie Keys, Walker's mother. He told her he would pay her between $150 and $200 to drive him and her son, Rashid, to an area, wait for defendant, Moore and Rashid to get some things together from Mrs. Henderson's house where defendant once worked, and put the stolen items in the car. Then he wanted her to return to her home with the items where defendant would retrieve them later. Ms. Keys refused, telling defendant "I am too old to go to jail."

Defendant and Moore left and were joined by Rashid Walker. The three men looked for a car to steal to use in the burglary. Defendant and Moore subsequently stole a gray Regal, leaving Rashid behind. They drove to victim's apartment at 3631 Cottage. The two broke into victim's apartment. Defendant yelled "fire" and said he was from the St. Louis Fire Department. Victim began screaming and defendant started hitting her. He bumped her head against the ground and asked where her money was. Moore tied victim up and defendant shoved paper towels into her mouth. The two then stole some cash, a television, a VCR and some stereo equipment.

The next morning, a neighbor of victim's, Mrs. Jones, called victim's son and told him that his mother's front door was wide open. Her son was driven over to the apartment by James Bifert. When they arrived they found victim dead in her apartment and her apartment ransacked. The cause of death was suffocation from the paper towels defendant had shoved down her throat. A subsequent police investigation revealed a footprint of defendant's at the scene along with Moore's fingerprints.

On June 16, 1988, defendant filed a pro se Rule 29.15 motion. On September 12, 1988, appointed counsel filed an amended Rule 29.15 motion alleging defendant was sentenced in excess of statutory range. On February 8, 1989, appointed counsel filed an unverified amended motion. On February 24, 1989, defendant's motion was sustained in part, his original thirty-five year sentence was set aside and he was sentenced to thirty years' imprisonment. On June 9, 1989, the motion court issued findings of fact and conclusions of law denying the remainder of defendant's claims.

■ Defendant proffers it was error to give the reasonable doubt instruction patterned after MAI–CR3d 302.04. The instruction given was mandated by MAI–CR3d 302.04. *State v. Snyder*, 748 S.W.2d 781, 785 [4, 5] (Mo.App.1988). This court has no authority to declare erroneous those instructions which have been adopted for standard use by the Supreme Court. *Id.; see also State v. Murray*, 744 S.W.2d 762, 771 [13] (Mo. banc 1988). This point is denied.

■ Defendant also asserts he was entitled to a cautionary instruction advising the jury to carefully scrutinize the testimony of his alleged accomplice, Michael Moore.

The trial court properly gave the general credibility instruction found in MAI–CR3d 302.01. The Notes on Use following MAI–CR3d 302.01 specifically prohibit the giving of any other instruction on credibility of witnesses. *State v. Wright*, 751 S.W.2d 48, 53 [8] (Mo. banc 1988). It was not erroneous for the trial court to decline to give an additional instruction on witness credibility

beyond the general credibility instruction. This point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRANDALL, C.J., concur.