**STATE of Missouri, Respondent,**

v.

**Maurice CARSON, Appellant.**

No. 79120.

Supreme Court of Missouri,
En Banc.

March 25, 1997.

Rose Wibbenmeyer, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, Jefferson City, for Respondent.

BENTON, Judge.

Following a jury trial, Maurice Carson was convicted of second degree trafficking and sentenced to ten years' imprisonment. § 195.223.2(2); § 558.011.1[1] The Court of Appeals would have reversed Carson's conviction and ordered his discharge due to an improper jury instruction patterned after MAI–CR3d 325.16.[2] This Court granted transfer because the opinion filed was contrary to other appellate decisions and involved a question of general interest and importance. *Mo. Const. art. V, § 10; Rule 83.03.* Judgment reversed and case remanded.

I.

On June 9, 1994, two plainclothes police officers were at the Springfield bus station in order to intercept drugs passing through the city. The officers boarded a bus from California to speak with the passengers. The two identified themselves as narcotics officers to Carson and explained that he was not under arrest and was free to leave. Carson agreed to speak with the officers and voluntarily allowed an officer to search his duffel bag. The search revealed two packages believed to be a controlled substance. Carson denied ownership of the packages and stated that someone must have planted them in his bag. After arresting Carson, an officer

---

**1.** All references are to RSMo 1994 unless otherwise indicated.

**2.** All references are to the MAI–CR3d (9–1–90) unless otherwise indicated.

opened the packages, revealing a white powder later determined to be cocaine.

At trial the state submitted two theories of second degree trafficking, and the court accordingly provided the jury with two separate verdict directors. Instruction No. 6 required "*knowledge* of the presence and illegal nature of the controlled substance." *MAI–CR3d 325.14* (emphasis added). Instruction No. 8 required that "appellant knew or *consciously disregarded a substantial and unjustifiable risk* that the mixture or substance he brought into the state contained cocaine salts, a controlled substance." *MAI–CR3d 325.16* (emphasis added). The jury found Carson guilty of second degree trafficking under Instruction No. 8.

## II.

The State's application for transfer centered on the proposition that the Court of Appeals has no authority to find erroneous MAI–CR3d 325.16 and its accompanying Notes on Use because they were adopted by this Court.

■■■ In fact, this Court has held that MAI–CR and its Notes on Use are "not binding" to the extent they conflict with the substantive law. *State v. Anding,* 752 S.W.2d 59, 61 (Mo. banc 1988). "Procedural rules adopted by MAI cannot change the substantive law and must therefore be interpreted in the light of existing statutory and case law." *Id.,* citing *Mo. Const. art. V, § 5; State v. Dixon,* 655 S.W.2d 547, 558 (Mo.App.1983), *cert. denied* 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984). As the introductory comments to MAI–CR3d specifically provide:

> The Court has adopted these proposals without judicially deciding or foreclosing any legal, constitutional, procedural, instructional, or other issues which may arise in cases even though the procedures, instructions, and Notes on Use adopted by the Court are followed and used.

*MAI–CR3d "How to Use This Book–Reservations" pp. ii-iii (1987).*

■■ If an instruction following MAI–CR3d conflicts with the substantive law, any court should decline to follow MAI–CR3d or its Notes on Use. *See State v. Moss,* 789 S.W.2d 512, 518 (Mo.App.1990); *State v. Fowler,* 762 S.W.2d 540, 541 (Mo.App.1988)(Grimm, J., concurring); *State v. Franklin,* 752 S.W.2d 937, 942 (Mo.App.1988)(Grimm, J., concurring); *State v. Pendergrass,* 726 S.W.2d 831, 834 (Mo.App.1987); *State v. Brooks,* 721 S.W.2d 8, 9 (Mo.App.1986)(Dixon, J., dissenting); *State v. Singer,* 719 S.W.2d 818, 823–24 (Mo.App.1986)(Dixon, J., dissenting). To the extent holding otherwise, the cases listed in the appendix are overruled.

## III.

Carson contends that the trial court committed prejudicial error as a matter of law because Instruction No. 8 did not require the jury to find that he knowingly brought cocaine into Missouri. The State contends that the "brings into this state" version of the crime in § 195.223.2 has no culpable mental state. In a recent case, this Court considered whether the offense there—class A felony, distributing cocaine near public housing under § 195.218—dispensed with a culpable mental state. *State v. Hatton,* 918 S.W.2d 790, 794 (Mo. banc 1996). This Court held that § 195.218 has a culpable mental state. *Id.* at 794 n. 1. Equally, § 195.223.2—class A felony, trafficking in the second degree— must have a mental state. *See State v. Hill,* 929 S.W.2d 258, 260, (Mo.App.1996); *State v. Baker,* 912 S.W.2d 541, 544 (Mo.App.1995); *State v. LaFlamme,* 869 S.W.2d 183, 186 (Mo.App.1993). The remaining issue is the specific culpable mental state for "brings into this state" trafficking in the second degree.

## A.

In 1989, the General Assembly passed the "Comprehensive Drug Control Act of 1989." *§ 195.005, S.B. 215 & 58, 1989 Mo. Laws 600.* The Act was truly comprehensive, rewriting almost all of Chapter 195. *Id.* Prior to enactment of the Comprehensive Drug Control Act, one subsection of law addressed cocaine possession, making it illegal for a person to "possess, have under his control. . ." this controlled substance. *§ 195.020.1 RSMo 1986 (repealed).* Although the subsection had no express culpable mental state, this Court interpreted the statute to require knowledge or

conscious possession. *See State v. Barber,* 635 S.W.2d 342, 343 (Mo. banc 1982); *State v. Hayes,* 563 S.W.2d 11, 13 (Mo. banc 1978); *State v. Wiley,* 522 S.W.2d 281, 292 (Mo. banc 1975); *State v. Burns,* 457 S.W.2d 721, 725 (Mo.1970).

The Comprehensive Drug Control Act replaced this one subsection on possession with two provisions, § 195.202 and § 195.223. Section 195.202 makes it illegal for a person to "possess or have under his control" any amount of a controlled substance. *§ 195.202.1.* Section 195.223 creates a second crime—"trafficking in the second degree"—if the amount exceeds certain quantities that vary by drug. Section 195.223.2 provides:

> A person commits the crime of trafficking drugs in the second degree if ... he possesses or has under his control, purchases or attempts to purchase, or brings into this state more than one hundred fifty grams of a mixture or substance containing a detectable amount of ... cocaine salts....

*§ 195.223.2.* "Trafficking in the second degree" can be committed in five ways: (1) "possesses," (2) "has under his control," (3) "purchases," (4) "attempts to purchase," or (5) "brings into this state." *§ 195.223.2.* Carson was charged, in one count, with committing trafficking in the second degree in three ways: (1) possessing, (2) having under control, or (3) bringing into this state. Carson was convicted, under Instruction No. 8, of bringing cocaine into this state.

### B.

■ "Possessed" or "possessing a controlled substance" is very broadly defined in the Comprehensive Drug Control Act:

> a person, with the knowledge of the presence and illegal nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person

alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint;

*§ 195.010(33).* This definition of possession includes "actual" and "constructive" possession, and has the word "control" as a key to both types of possession. *Id.* The act of "possessing" or "possessed" clearly has many common elements with "has under his control." *State v. Virdure,* 371 S.W.2d 196, 199 (Mo.1963); *State v. Carouthers,* 714 S.W.2d 867, 870–71 (Mo.App.1986). The legislature did not intend that each of the five ways be exclusive of the others in § 195.223.2.

■ The legislature, however, did not define the phrase "brings into this state." Courts therefore consider the words used in a statute in their plain and ordinary meaning, which is found in the dictionary. *City of Dellwood v. Twyford,* 912 S.W.2d 58, 60 (Mo. banc 1995). The term "bring" means:

> to convey, lead, carry, or cause to come along from one place to another, the direction of movement being toward the place from which the action is being regarded; ... to take or carry along with one; ....

*Webster's Third New International Dictionary* 278 (1976). The legislature's broad definition of "possess" in *§ 195.010(33)* includes most acts of "brings into this state."

Specifically, as applied in this case, "brings into this state" overlaps with "possesses" and "has under his control." Defendant Carson was charged, in one count, with committing trafficking in the second degree three ways: (1) possessing, (2) having under control, or (3) bringing into this state. Based on the evidence at this trial, Carson simply could not have brought drugs into this state without actual or constructive possession of the drugs (as defined in § 195.010(33)). The dissent proposes a different culpable mental state for versions of the same crime, which have the same penalty, are charged in the same count, and rely on the same evidence. The more logical analysis of trafficking in the second degree is to conclude that overlapping versions of the same crime have the same culpable mental state—knowledge.

This conclusion is supported by the fact that trafficking under § 195.223.2 has a lesser offense of possession under § 195.202. *See State v. Smith*, 825 S.W.2d 388, 391 (Mo.App. 1992). Unless knowledge is the mental state for second degree trafficking, there would be (1) a *lesser* mental state (negligence) for the greater offense of trafficking—which authorizes a penalty from ten years' to life imprisonment. *§ 195.223.2(2); § 558.011(1)* while there is (2) a *higher* mental state (knowledge) for the lesser offense of possession—which authorizes only a term of years not to exceed seven. *§ 195.202.2; § 558.011.1(3).*

Based on case precedent and statutory construction, this Court holds that "brings into this state" second degree trafficking requires that the defendant "knew or was aware that the mixture or substance he brought into the state contained cocaine salts, a controlled substance." *MAI–CR3d 325.16.*

## C.

■ Fortunately, this Court need not apply Chapter 562 RSMo "General Principles of Liability"—which is presently in shambles—in order to resolve this case. Chapter 562, part of the Criminal Code, was enacted in 1977, effective in 1979—ten years *before* enactment of the Comprehensive Drug Control Act. This Court has ruled that if the drug laws provide a standard, then the Criminal Code need not be referred to:

> Since these [drug] laws were enacted after the [Criminal] Code [Chapters 556–600], it can be assumed that the legislature knew what the law was and could choose to adopt portions of the Code, if desirable. ... In regard to mental state, however, the legislature specifically provided a different standard than that present in the Code. Thus, no reference to the Code can be implied.

*State v. Munson*, 714 S.W.2d 515, 522 n. 6 (Mo. banc 1986).

The dissent's analysis of the Criminal Code demonstrates the wisdom of not applying it in this case. The dissent gives § 562.016 a meaning never intended, by focusing on part of the first sentence in § 562.016.1. Section 562.016.1 says in full:

> Except as provided in section 562.026, a person is not guilty of an offense unless he acts with a culpable mental state, that is, unless he acts purposely or knowingly or recklessly or with criminal negligence, as the statute defining the offense may require with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime.

*§ 562.016.1.* Section 562.016 does not impose a minimum mental state, as the dissent concludes. Viewed in full, § 562.016.1 references all the bases of liability, including strict liability. Section 562.016.1 is definitional and tautological. Section 562.016.1 does *not* exclude any specific mental state, nor set a minimum. Section 562.016.1 expressly says that "the statute defining the offense" indicates the culpable mental state for an offense. *§ 562.016.1.* As indicated above, the Comprehensive Drug Control Act provides "knowingly" as the culpable mental state for the crime of second degree trafficking. *§ 195.223.2; § 195.010(33).*

The clearest proof that the quoted sentence in *§ 562.016.1* does not dictate a minimum culpable mental state is that the Criminal Code provided a default minimum— "recklessly." *See § 562.021.2 RSMo 1986 (repealed).* Section 562.021.2 is the authority for Instruction No. 8 in this case. *See MAI–CR3d 325.16 n. 4.* Since the repeal of § 562.021.2, no change has been made in the MAI instruction. The relevant comment states: "With its repeal [§ 562.021.2] the mental state required, if any, for those crimes where no culpable mental state is specifically set forth, is unclear. Thus, no recommendation to the Missouri Supreme Court, with regard to the impact of this repeal, has been made." *MAI–CR3d 304.11 n.1.*

By its repeal of § 562.021.2, the General Assembly has made the required culpable mental state unclear for many crimes within the Criminal Code, and it should promptly address this confusion. However, in accordance with the teaching of *State v. Munson, supra,* this Court need not address numerous crimes within the Criminal Code because this

case can be decided solely by analysis of the Comprehensive Drug Control Act. Based on the Act and the specific language of § 195.223.2, knowledge must be the mental state for trafficking in the second degree, just as it is for the lesser offense of possession.

## IV.

■ Carson's conviction is based on a faulty instruction. A faulty instruction is grounds for reversal if the defendant has been prejudiced. *State v. Betts*, 646 S.W.2d 94, 99 (Mo. banc 1983). In this case lack of knowledge was the primary defense; Carson consented to the search of his bag and testified that he was not aware of the two packages of cocaine. Carson was prejudiced because Instruction No. 8 (MAI–CR3d 325.16) made reckless trafficking sufficient for liability. The conviction is reversed.

■ In his brief to this Court, Carson requests discharge, relying on only the following: "As the jury has already determined that Maurice did not act knowingly, this Court must discharge him." In truth, this Court cannot discern what the jury determined on Instruction No. 6, knowing possession. Instruction No. 8, recklessly bringing into this state, began:

> *If you do not find the defendant guilty* of trafficking in the second degree under Instruction No. 6, you must consider whether he is guilty of trafficking in the second degree under this instruction.

*Instruction No. 8* (MAI–CR3d 325.16) (emphasis added). This Court has held that the emphasized language does not constitute an "acquittal first" instruction. *State v. Wise*, 879 S.W.2d 494, 517 (Mo. banc 1994), *cert. denied*, 513 U.S. 1093, 115 S.Ct. 757, 130 L.Ed.2d 656 (1995); *See State v. Parker*, 886 S.W.2d 908, 923 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). Since there was no acquittal under the "knowing" standard, there is no bar to retrial by a properly instructed jury. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642, 651 (1977).

Accordingly, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

HOLSTEIN, C.J., and ROBERTSON, COVINGTON and WHITE, JJ., concur.

LIMBAUGH, J., dissents in separate opinion filed.

PRICE, J., concurs in opinion of LIMBAUGH, J.

### APPENDIX

*State v. Newlon*, 627 S.W.2d 606, 614 (Mo. banc), *cert. denied*, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982); *State v. Gary*, 913 S.W.2d 822, 829 (Mo.App.1996); *State v. Pointer*, 932 S.W.2d 871, 873 (Mo.App.1996); *State v. Bell*, 906 S.W.2d 737, 739–40 (Mo.App.1995); *State v. Richardson*, 910 S.W.2d 795, 798 (Mo.App.1995); *State v. Lawson*, 876 S.W.2d 770, 775 (Mo.App.1994); *State v. Douthit*, 846 S.W.2d 761, 763 (Mo.App.1993); *State v. Rizzuto*, 853 S.W.2d 318, 321–22 (Mo.App.1993); *State v. Hill*, 865 S.W.2d 702, 707 (Mo.App.1993); *State v. Wickizer*, 859 S.W.2d 873, 881 (Mo.App.1993); *State v. Boyington*, 831 S.W.2d 642, 645 (Mo.App.1992); *State v. Cole*, 844 S.W.2d 493, 497 (Mo.App. 1992); *State v. Olds*, 831 S.W.2d 713, 721 (Mo.App.1992); *State v. Crawley*, 814 S.W.2d 8, 9 (Mo.App.1991); *State v. Depriest*, 822 S.W.2d 488, 493 (Mo.App.1991); *State v. Jamerson*, 809 S.W.2d 726, 729 (Mo.App. 1991); *State v. Lewis*, 809 S.W.2d 878, 879–80 (Mo.App.1991); *State v. Lucas*, 809 S.W.2d 54, 57 (Mo.App.1991), *overruled on other grounds*, *McDaris v. State*, 843 S.W.2d 369, 373 (Mo. banc 1992); *State v. Smith*, 806 S.W.2d 119, 121 (Mo.App.1991); *State v. Turner–Bey*, 812 S.W.2d 799, 805 (Mo.App.1991); *State v. Smith*, 800 S.W.2d 794, 795 (Mo.App. 1990); *State v. Urban*, 798 S.W.2d 507, 512–13 (Mo.App.1990); *State v. Weems*, 800 S.W.2d 54, 57 (Mo.App.1990); *State v. Fowler*, 762 S.W.2d 540, 541 (Mo.App.1988); *State v. Franklin*, 752 S.W.2d 937, 939 (Mo.App. 1988); *State v. Snyder*, 748 S.W.2d 781, 785 (Mo.App.1988); *State v. Brooks*, 721 S.W.2d 8, 9 (Mo.App.1986); *State v. Burton*, 721 S.W.2d 58, 63–64 (Mo.App.1986); *State v. Carpenter*, 721 S.W.2d 154, 157 (Mo.App. 1986); *State v. Galbraith*, 723 S.W.2d 55, 60

(Mo.App.1986); *State v. Gunter,* 715 S.W.2d 576, 579 (Mo.App.1986); *State v. Mouser,* 714 S.W.2d 851, 859 (Mo.App.1986); *State v. Singer,* 719 S.W.2d 818, 823 (Mo.App.1986); *State v. Turner,* 705 S.W.2d 108, 110 (Mo. App.1986); *State v. Hawkins,* 703 S.W.2d 67, 70–71 (Mo.App.1985); *State v. Bruce,* 671 S.W.2d 821, 822 (Mo.App.1984); *State v. Davis,* 675 S.W.2d 652, 657–58 (Mo.App. 1984); *State v. Mick,* 674 S.W.2d 554, 558 (Mo.App.1984); *State v. Toney,* 680 S.W.2d 268, 278 (Mo.App.1984), *reversed in part on other grounds, Toney v. Gammon,* 79 F.3d 693, 697 (8th Cir.1996); *State v. Dixon,* 655 S.W.2d 547, 560 (Mo.App.1983), *cert. denied, Dixon v. Missouri,* 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984); *State v. Stevenson,* 660 S.W.2d 236, 237 (Mo.App.1983); *State v. Frank,* 639 S.W.2d 209, 211 (Mo.App. 1982); *State v. Tate,* 637 S.W.2d 67, 74 (Mo. App.1982); *State v. Finch,* 611 S.W.2d 405, 406 (Mo.App.1981); *State v. Jenkins,* 622 S.W.2d 281, 283 (Mo.App.1981); *State v. Lewis,* 734 S.W.2d 515, 517 (Mo.App.1987); *State v. Simpson,* 614 S.W.2d 31, 32 (Mo. App.1981); *State v. Grady,* 577 S.W.2d 930, 931 (Mo.App.1979); *State v. Eldridge,* 564 S.W.2d 603, 606 (Mo.App.1978); *State v. Washington,* 570 S.W.2d 838, 843 (Mo.App. 1978); *State v. Burton,* 544 S.W.2d 60, 64 (Mo.App.1976); *State v. Blockton,* 526 S.W.2d 915, 919 (Mo.App.1975); *State v. Gilyard,* 523 S.W.2d 564, 568 (Mo.App.1975); *State v. Yeokum,* 516 S.W.2d 535, 536–37 (Mo.App. 1974).

LIMBAUGH, Justice, dissenting.

I agree with the majority opinion insofar as it concludes that MAI–CR3d is not controlling when in conflict with the substantive law, and that some culpable mental state is required to find a violation of § 195.223, RSMo 1994, drug trafficking in the second degree. Because the legislature has not clearly indicated a purpose to dispense with a culpable mental state for this statute, §§ 562.016 and 562.026, RSMo 1994, work in combination to require one. *See also State v. Hatton,* 918 S.W.2d 790, 794 n. 1 (Mo. banc 1996). I must disagree, however, with the majority's choice of "knowingly" as the culpable mental state required of someone who "brings [cocaine] into this state" under § 195.223, a choice that is unsupported either by principles of statutory construction or by Missouri's past treatment of drug offenses.

I do not dispute that "knowingly" is the required culpable mental state for possessing controlled substances. § 195.010(33), RSMo 1994. However, the majority unjustifiably imposes this standard upon all of the other actions that violate § 195.223—including the offense of which Carson is convicted here, "bring[ing] into this state" cocaine:

A person commits the crime of trafficking drugs in the second degree if ... he possesses or has under his control, purchases or attempts to purchase, or brings into this state more than one hundred fifty grams of a mixture or substance containing a detectable amount of ... [cocaine]....

§ 195.223, RSMo 1994.

Contrary to the majority's position, the legislature proscribed separate activities in § 195.223, each of which must necessarily mean something different from the others. If this were not so, then possession would suffice to cover the activity of bringing into this state and make that part of the statute superfluous. Meaning should be given to each word in a legislative enactment, and one word of a statute should not be considered a needless repetition of another. *Lora v. Dir. of Revenue,* 618 S.W.2d 630, 633 (Mo.1981). In short, possessing cocaine must mean something different from bringing it into this state, and the knowledge requirement for the offense of possessing cocaine cannot logically be applied to the offense of bringing it into this state.

We should determine, therefore, the specific culpable mental state for trafficking in the second degree by "bringing into the state" cocaine. With the repeal of § 562.021.2, RSMo 1986, the default culpable mental state provision, our best guide is § 562.016, which states that "a person is not guilty of an offense unless he acts with a culpable mental state, that is, unless he acts purposely *or* knowingly *or* recklessly *or* with criminal negligence, as the statute defining the offense may require ...." (emphasis added). Because this statute lists the four culpable mental states in the disjunctive, and

without the statutory direction of § 562.021.2, RSMo 1986, there is no compulsion to prefer any one of the mental states to any other. Indeed, any choice as to which of the four mental states is required would be an arbitrary one, as is the majority's choice in this case. Therefore, we should not choose, and the State should be allowed to sustain a conviction based upon a showing of any of the four. Here, the verdict director used "recklessly," but the jury's finding of purposefulness, or knowledge, or even criminal negligence would have supported the verdict just as well. However, the only mental state on which the trial court should be required to instruct is the minimum, criminal negligence, since a finding of any higher mental state necessarily establishes the lower mental states. § 562.021.2, RSMo 1994.

This conclusion is bolstered by the fact that § 562.021.2, RSMo 1986, before its repeal, excepted criminal negligence from the other three mental states that were to be read into the criminal offenses that had no mental state. An obvious inference from the repeal of § 562.021.2 is that the legislature intended to eliminate the exception for criminal negligence, thus allowing the State to rest a conviction upon a showing of any of the four culpable mental states from § 562.016.

In this case, under Instruction No. 8, the jury found that Carson "knew or *consciously disregarded a substantial and unjustifiable risk* that the mixture or substance he brought into the state contained cocaine salts, a controlled substance," an instruction that used the language of "recklessness" as the requisite mental state (emphasis added). The jury declined to find, under Instruction No. 6, that Carson had *"knowledge* of the presence and illegal nature of the controlled substance" (emphasis added). These two verdict directors were approved by this Court before the repeal of § 562.021.2, RSMo 1986. *See MAI–CR3d* 325.14, 325.16. By approving these instructions, we tacitly acknowledged that the default provision from § 562.021.2, RSMo 1986, applied to a "brings

into this state" offense. If, as the majority claims, any violation of § 195.223 must be "knowing," § 562.021.2 would not have applied. I am unwilling to state that these MAI–CR3D verdict directors, as approved, were incorrect, and indeed, I believe that they were not. The fact that the subsequent repeal of § 562.021.2, RSMo 1986, has altered the substantive law, making the "reckless" verdict director obsolete and in conflict with the substantive law, as the majority duly notes, is not relevant to whether the MAI–CR3d verdict directors accurately reflected the substantive law before the repeal.

Further support for the conclusion that different culpable mental states can apply to the different actions proscribed by § 195.223 comes from our past treatment of drug offenses. Before the enactment of either the default provisions of Chapter 562 or the Comprehensive Drug Control Act of 1989, Chapter 195 regulated drug offenses, and none of its provisions specifically provided a necessary mental state. Section 195.240, RSMo 1959, regulated the possession and sale of stimulants. Even though this Court held that the necessary mental state for possession of controlled substances was "knowing," *State v. Burns*, 457 S.W.2d 721, 725 (Mo.1970), the sale of a stimulant under § 195.240 was merely a strict liability crime. *State v. Napolis*, 436 S.W.2d 645, 647–48 (Mo.1969); *see also State v. Sledge*, 471 S.W.2d 256, 259 (Mo.1971), *State v. Gordon*, 536 S.W.2d 811, 817–18 (Mo.App.1976).[1] *Napolis* and its progeny indicate that "knowledge" need not be an element of a Missouri drug offense if the offense is not one of possession, as indeed it is not here.

In sum, I would allow the State to prosecute the charge using any of the culpable mental states in § 562.016, and the fact that the jury was instructed on the culpable mental state of recklessly is therefore sufficient. The conviction should be affirmed.

---

1. *Napolis* and *Gordon* were overruled by *State v. Green*, 629 S.W.2d 326, 329 (Mo. banc 1982). However, *Green* based its overruling upon the enactment of § 562.021.2—the very provision whose repeal engendered the instant case.