**STATE of Missouri, Respondent,**

v.

**Vance ANDERSON, Appellant.**

**No. 70791.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 2, 1997.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The trial court sentenced defendant Anderson to serve concurrent ten year terms in accord with verdicts on two charges of delivery of a controlled substance, methamphetamine, in violation of Section 195.211 RSMo 1994. The court ordered the sentences to run consecutively to the five-year sentence previously imposed for the offense of trafficking in drugs first degree, a violation of Section 195.222 RSMo 1994.

Defendant argues three claims of plain error. He does not contest the sufficiency of direct evidence to support the verdicts. None of the errors argued here were alleged and argued in support of defendant's motion for new trial.

■ Defendant argues the trial court erred in not striking a venireperson for cause, sua sponte. This claim of error has been waived. *State v. Sumowski,* 794 S.W.2d 643, 647 (Mo. banc 1990). Moreover, a trial court is under no duty to strike a venireperson on its own motion. *State v. Hadley,* 815 S.W.2d 422, 424 (Mo. banc 1991). Finally, defendant's contention that the subject venireperson had a hearing problem is not self-proving and was not proven for purposes of finding plain error.

■ Defendant argues manifest injustice because the court admitted a package of methamphetamine without adequate proof of chain of custody. The witness testified the package appeared to be methamphetamine and was the same type of package defendant sold to him; he did not tamper with the package which he delivered to the sheriff.

Subsequent witnesses traced the transfer of the evidence to a testing laboratory where it was analyzed and returned. The defense argues no delivery occurred on May 10 or May 26, 1995. The defense's argument was not based on a claim the sales and delivery was for something other than methamphetamine. We find no error, plain or otherwise.

■ Defendant also argues error in the two identical verdict directing instructions. In each instruction the court submitted, "defendant knew or consciously disregarded a substantial and unjustifiable risk that the substance he delivered was methamphetamine, a controlled substance." These instructions were patterned after MAI–CR3d 325.04. Defendant argues, "it is clear that a culpable mental state is required in order to convict an accused of delivering a controlled substance." He contends the verdict direction instructions lowered the state's burden of proof by instructing the jury that defendant may be found guilty without finding that he knew what he was delivering was methamphetamine. Defendant contends the state must offer evidence to support a finding defendant knew he was delivering a controlled substance. This contention was not presented to the trial court in the form of a constitutional challenge.

The question of defendant's knowledge that he was selling methamphetamine was not a contested fact issue. Accordingly, the alternative submission of conscious disregard and substantial and unjustified risk was superfluous. The only defense presented was total lack of credibility of the state's witness and a denial of delivery of anything. The deliveries occurred when defendant was alone with the witness. The witness activated tape recording equipment provided by law enforcement authorities. The jury heard the tape recorded discussion which supported the state's witness. Particularly, defendant and the witness discussed poor quality of the drug which resulted in a failure of one transaction. Defendant left and returned with a higher quality drug. The men spoke of methamphetamine or "meth" or "crank."

The details of the two deliveries proved actual knowledge of the nature of the drug.

The delivery on May 10 was to be fourteen grams for $800. The witness gave defendant $800, received six grams and was to receive an additional eight grams. The witness trusted defendant to deliver the balance. The drug was packaged in a plastic bag with a bread tie. The delivery on May 26, 1995 was to occur at a garage where the witness agreed to purchase an ounce of methamphetamine for $1500. The witness refused to purchase because of poor quality. Defendant left and eventually returned with methamphetamine that was delivered. The witness paid $500 for a lesser amount. Thus, all of the evidence presented by the state supported a finding of actual knowledge. A fact issue regarding a delivery with conscious disregard or risk was never before this jury. Submission of that factual issue was superfluous and not prejudicial. *State v. Root*, 820 S.W.2d 682, 688 (Mo.App.1991); *State v. Walton*, 703 S.W.2d 540, 542 (Mo.App.1986). "A faulty instruction is grounds for reversal if the defendant has been prejudiced." *State v. Carson*, 941 S.W.2d 518, 523 (Mo. banc 1997).

Our Supreme Court in *Carson* reversed and remanded because of instructional error. Defendant was charged with second degree trafficking in violation of Section 195.223.2(2) RSMo 1994. The *Carson* trial court submitted defendant "knew or consciously disregarded a substantial and unjustifiable risk [that defendant brought into the state] cocaine salts, a controlled substance." *Carson* 941 S.W.2d at 520 (emphasis omitted). The court also submitted the charged offense in a separateinstruction which required a finding of actual knowledge. The jury found defendant guilty on the instruction which submitted that Carson knew or consciously disregarded. Obviously, the *Carson* jury found defendant guilty because he disregarded a substantial and unjustifiable risk that he was bringing a controlled substance into Missouri but did not find he had actual knowledge. Carson argued the jury was not required to find a culpable mental state. The state argued it need not allege or prove actual knowledge and the jury need not find actual knowledge. The Supreme Court agreed with Carson. It reversed and remanded for a new trial where the issue would be whether defendant "knew or was aware that the mixture or substance he brought into the state contained cocaine salts, a controlled substance." *Id.* at 522. In regard to the state's argument that Section 562.021 RSMo 1994 resolved any disputed requirement of proof of actual knowledge for Chapter 195 offenses, the Supreme Court made several observations. First, Chapter 562 was enacted in 1977, effective 1979—ten years before an enactment of the Chapter 195 Comprehensive Drug Control Act, enacted in 1989. *Id.* Second, Chapter 562 RSMo is "presently in shambles." *Id.*

We find *Carson* not controlling on the present facts. In *Carson*, lack of knowledge was the primary defense. In *Carson*, alternative submissions offered an understanding of the jury's verdict which accepted a conscious disregard sufficient to convict. In the present case actual knowledge was not a contested fact issue. Nor is there a basis in the present appeal to conclude that any juror found defendant guilty based upon the alternative submission of conscious disregard after rejecting a findingof actual knowledge. Finally, the Supreme Court reviewed preserved error, we review plain error and find no prejudice.

We affirm both judgments.

RHODES RUSSELL, P.J., and SIMON, J., concur..