**STATE of Missouri, Plaintiff–Respondent,**

v.

**Daniel Jeff McCANN, Defendant–Appellant.**

**No. 21041.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 29, 1997.

Steven H. Kaderly, Barton County Pros. Atty., Lamar, for Respondent.

PREWITT, Judge.

Following trial by jury, Defendant was convicted of violating an order of protection by entering the premises where his ex-wife resided. Defendant was sentenced to 120 days in the Barton County jail. Defendant appeals.

Defendant presents two points relied on. He contends by his first point that the trial court erred in not granting a mistrial when the following occurred during cross-examination of the officer who arrested Defendant:

Q. Well, before you placed him under arrest, he was just saying he was having car trouble?

A. Yes, sir.

Q. You didn't really ask him where the car was?

A. He—I—I asked him where the car was, and he—He would not tell me where it was at. He invoked his right to silence.

(At this time counsel approached the bench, and the following proceedings were had:)

[Defendant's Counsel]: Your Honor, the question I asked here called for a simple yes or no, and that's where he just ran, Judge. And I guess I move for a mistrial at this time.

THE COURT: Well—

[Defendant's Counsel]: I mean, he—And it's not like I was up here trying to steer this inquiry away, but obviously I've got to deal with it in cross-examination. Now I've got the witness specifically saying what I was hoping to avoid all the time.

[Prosecutor]: Well—The cure—I believe it can be cured by an instruction.

THE COURT: Court will deny it at this time. I would only ask—

[Defendant's Counsel]: This—

THE COURT:—instruct the jury to disregard that statement and (inaudible).

[Defendant's Counsel]: Well—

THE COURT: Overruled.

Joe Zuzul, District Public Defender, Nevada, for Respondent.

[Defendant's Counsel]: I'd also like at least a cautionary instruction now.

THE COURT: On (inaudible)?

[Defendant's Counsel]: Right.

THE COURT: Or when we make instructions?

[Defendant's Counsel]: No. I mean at this time that the Defendant was well within his rights to invoke his right to remain silent upon being placed under arrest.

[Prosecutor]: That's fine.

THE COURT: Okay.

(Proceedings returned to open court.)

THE COURT: The Court is going to instruct you to disregard the last statement by the witness about the Defendant invoking his right to remain silent and ask you to disregard that. That—As I think there was one of the earlier instructions said that there is things that shouldn't come before the jury. And we'd ask you to disregard that. That was—That's what—one of everybody's rights.

And I would caution the witness about volunteering information in answering the question.

■ Mistrial is a drastic remedy which should only be granted in extraordinary circumstances where the prejudice to the defendant cannot be removed by other means. *State v. Berry,* 916 S.W.2d 389, 393 (Mo.App. 1996). Here, there was no error in denying the request for mistrial and in instructing the jury regarding the comments. *See State v. Prince,* 903 S.W.2d 944, 948 (Mo.App.1995); *State v. Stolzman,* 799 S.W.2d 927, 934–35 (Mo.App.1990). Point one is denied.

For his second point, Defendant contends there was error in giving an instruction patterned after MAI–CR 3d 332.52. Defendant contends that the trial court should have given the instruction he tendered which required that the violation of the order of protection be done "knowingly." Defendant admits he received the order but says he thought it had expired.

■ Initially, the State contends that this Court cannot review whether the instruction is correct because it has been approved by the Supreme Court, citing *State v. Bell,* 906 S.W.2d 737 (Mo.App.1995) and *State v. Franklin,* 752 S.W.2d 937 (Mo.App.1988). In filing the brief on July 28, 1997, the State apparently neglected to find *State v. Carson,* 941 S.W.2d 518 (Mo. banc 1997), decided last March 25. *Carson* held that the Court of Appeals may review MAI–CR 3d instructions to the extent they conflict with the substantive law and expressly overruled the portions of *Bell* and *Franklin* on which the State relies.

■ "When an MAI–CR instruction is applicable ... the instruction is to be given to the exclusion of any other instruction." *State v. Moriarty,* 914 S.W.2d 416, 421 (Mo. App.1996). MAI–CR 3d 332.52 is drawn from Section 455.085, RSMo 1994, which criminalizes the violation of an order of protection. Appellant's brief states that Section 455.085.8 is "a little nebulous on the issue of mental state." The statute is not nebulous, it is silent. To add the word "knowledge" into the jury instruction would add to the statute and to do that is for the legislature. Although Rule 28.02(d) allows for modification of an existing MAI, such modification may not alter the substantive law.

Section 562.031.1, RSMo 1994, states:

A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief of fact or law unless such mistake negatives the existence of the mental state required by the offense.

Section 455.085 contains no requirement of any mental state. Therefore, the instruction does not conflict with the substantive law. MAI–CR 3d 332.52 follows the law as set forth in the statute, and there is no error.

The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.