

# Missouri Court of Appeals

### Southern District

### Division One

STATE OF MISSOURI,                          )
                                            )
             Respondent,                )
                                            )
   vs.                                      )     No. SD33384
                                            )
EDDIE L. MARSHALL,                          )     FILED: August 19, 2015
                                            )
             Appellant.                 )

### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

### Honorable Randall L. Head, Judge

## **AFFIRMED**

A domestic call to police led to a foot chase and eventually to Eddie Marshall's felony conviction for resisting arrest, § 575.150.[1] On appeal, Marshall challenges (1) the sufficiency of the evidence to support his conviction, and (2) the requisite mental state for the offense. We affirm.

---

[1] Statutory citations are to Missouri's Criminal Code, RSMo §§ 556.011 *et seq.* as amended through 2012. All citations herein were accessed electronically via Westlaw or LEXIS. We summarize facts as we must view them, in the light most favorable to the verdict, giving the state the benefit of all reasonable inferences and ignoring any evidence or inferences that might favor Marshall. ***State v. Sprofera***, 427 S.W.3d 828, 832 (Mo.App. 2014).

## Background

Marshall's girlfriend called police and reported that he had threatened her with a knife in a domestic dispute. Patrol cars headed to the scene with Officer Hickey in the lead.

Marshall, who was standing in the road, fled as the first patrol car approached. Officer Hickey gave chase by car, then on foot, yelling loudly that Marshall was under arrest and to stop.[2] Marshall kept running.

Coming from all directions, a trail of six patrol cars joined the chase. Officer Martellaro intercepted Marshall, then drew his weapon and ordered Marshall to stop and lay on the ground. Marshall did so and was handcuffed.

A jury found Marshall guilty of resisting arrest. We consider Marshall's two points out of order for ease of analysis.

## Point II – "Reasonably Should Know"

Marshall complains that neither the resisting arrest statute (§ 575.150) nor its verdict-directing instruction (MAI-CR 3d 329.60) require proof of any culpable mental state listed in Criminal Code § 562.016.

*Statutes, Instruction, and Marshall's Complaint*

As relevant here, § 562.016:

- States that "a person is not guilty of an offense unless he acts with a culpable mental state, that is, unless he acts purposely or knowingly or recklessly or with criminal negligence, as the statute defining the offense may require …," (subsection 1), then

---

[2] Officer Hickey's claim of probable cause to arrest Marshall is not challenged on appeal.

2

- Defines the mental states of "purposely," "knowingly," "recklessly," and "with criminal negligence" (subsections 2-5).

Yet under § 575.150.1., resisting arrest includes a culpable mental state *not* specified in § 562.016 – that the accused "reasonably should know" that a law enforcement officer was making an arrest, etc. – and MAI-CR 3d 329.60 authorized similar language to direct the jury on Marshall's charge of resisting arrest by flight.

Thus, Marshall's brief succinctly states his complaint: "The challenged language, 'reasonably should know,' or as in the instruction, 'reasonably should have known,' is not one of the four mental states listed in Section 562.016, without proof of which he is 'not guilty of an offense.' Section 562.016.1."

*Analysis*

We reject Marshall's argument. "Viewed in full, § 562.016.1 references all the bases of liability, including strict liability. Section 562.016.1 is definitional and tautological. Section 562.016.1 does *not* exclude any specific mental state .... Section 562.016.1 expressly says that 'the statute defining the offense' indicates the culpable mental state for an offense." **State v. Carson**, 941 S.W.2d 518, 522 (Mo. banc 1997). *See also* **State v. Munson**, 714 S.W.2d 515, 522 (Mo. banc 1986) (upholding "reasonably should know" mental state in statute then criminalizing possession of drug paraphernalia).

**Carson** and **Munson** involved non-Code drug crimes, but Code commentary is consistent with **Carson** and inconsistent with Marshall's theory. We quote the official comment to § 562.016, the statute upon which Marshall relies:

Subsection 1 states the proposition that, with exceptions, *crime requires a culpable mental state* and that the mental state must

3

relate to the elements of conduct, result and attendant circumstances *as set out in the statute defining the offense.*

Subsections 2 to 5 define the four basic culpable mental states. These four cover nearly all the mental states that are needed. *There may be a specific crime that will require its own peculiar mental element* but these four cover nearly all, and perhaps all, of the variety of terms in the present statutes. [our emphasis]

To sum up:

- Consistent with § 562.016, its official comment, and **Carson**, resisting arrest requires a culpable mental state and § 575.150.1 sets it out.

- Although that mental state ("reasonably should know") is not one specifically listed or defined in § 562.016, the latter "does *not* exclude any specific mental state .... [and] expressly says that 'the statute defining the offense' indicates the culpable mental state for an offense." **Carson**, 941 S.W.2d at 522.

- It was not beyond the legislature's power to choose this culpable mental state. **Munson**, 714 S.W.2d at 522.

Point II fails.

### Point I – Sufficiency of the Evidence

Marshall challenges the sufficiency of proof that he knew or reasonably should have known that a law enforcement officer was attempting to arrest him. We must determine whether such evidence and reasonable inferences were sufficient for reasonable jurors to find Marshall guilty beyond a reasonable doubt. **Sprofera**, 427 S.W.3d at 832. As previously noted, we credit all evidence and reasonable inferences tending to prove guilt and ignore all those to the contrary. **Id**.

Marshall urges that the state did not prove that Marshall heard Officer Hickey say that Marshall was under arrest. That would be a burden higher than the law places on the state, which need not even prove "you are under arrest" was *said if*

circumstances otherwise indicate that the officer was attempting an arrest. ***State v. Chamberlin***, 872 S.W.2d 615, 619 (Mo.App. 1994).

The evidence and reasonable inferences, when viewed favorably to the verdict, support the conviction. Reasonable jurors could have believed that Marshall heard Officer Hickey shouting that Marshall was under arrest, or should have known that the other officers chasing him on foot and in squad cars wanted to arrest him, or that a domestic violence suspect who fled this way was seeking to avoid arrest. We deny Point I and affirm Marshall's conviction.

DANIEL E. SCOTT, P.J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS