

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD86033 |
| | ) | |
| DYLAN JACOB GAROUTTE III, | ) | Opinion filed:  July 30, 2024 |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**
**THE HONORABLE SHANE T. ALEXANDER, JUDGE**

Division One:  Edward R. Ardini, Jr., Presiding Judge,
Mark D. Pfeiffer, Judge and Cynthia L. Martin, Judge

Dylan J. Garoutte III ("Garoutte") appeals his conviction for unlawful possession of a firearm following a jury trial in the Circuit Court of Clay County ("Trial Court"). He raises a single point on appeal in which he argues that the Trial Court committed plain error by failing to properly state the law in the verdict director by omitting an essential element of the offense. Finding no error, we affirm.

**Factual & Procedural Background**

Garoutte was charged by information with one count of the class D felony of unlawful possession of a firearm. The evidence adduced at trial showed the following:[1]

In January of 2022, Garoutte was living in a home with his wife, and her grandmother ("Grandmother"). On the day of the offense, Grandmother was at home and heard a "rapid succession" of gunshots. Shortly thereafter, Grandmother heard pounding on the door and found Garoutte standing there, "carrying his Glock nine-millimeter" weapon ("Glock"). She described the Glock as a "Trump commemorative Glock nine-millimeter" that contained "Trump's portrait on it as well as . . . some wording." Garoutte shoved his way past Grandmother to get inside the home, placed the Glock in a safe, and went upstairs.

A neighbor called the police after hearing the gunshots and observing Garoutte holding the Glock while pounding on the door. Law enforcement responded and arrested Garoutte after finding him asleep in a bedroom. Eight shell casings were recovered in the area of Grandmother's home that were consistent with the caliber of the Glock.

The parties stipulated that Garoutte had previously been convicted of a felony on September 8, 2021. The defense's theory at trial was that Garoutte "did not have a gun on him that night or any night because he is a felon."

At the instructions conference, the Trial Court read through the Missouri Approved Instructions that the State had submitted:

---

[1] On appeal from a jury tried case, we view the facts in the light most favorable to the verdict. *See State v. Kerksiek*, 670 S.W.3d 32, 36 n.2 (Mo. App. W.D. 2023).

> Instruction No. 1 is 402.01, already read to the jury; instruction No. 2, 402.02, already read to the jury; instruction No. 3, 402.03; instruction No. 4, 402.04. Instruction No. 5 is 410.50, that the State must prove every element beyond a reasonable doubt; however, in determining the Defendant's guilt or innocence, you are instructed that an intoxicated or drugged condition, whether from alcohol or drugs, will not relieve a person of responsibility for his conduct. Instruction No. 6, 408.14.1, right not to testify; instruction No. 7 is the verdict director, and that is from 426.14. Instruction No. 8 is 402.05, and instruction No. 9 is 402.06.

Garoutte's defense counsel did not raise any specific objection to these instructions.[2] The verdict director required the jury to find, beyond a reasonable doubt:

> First, that on or about January 30, 2022, in the State of Missouri, the defendant possessed a Glock Model 19, a firearm, and
>
> Second, that on September 8, 2021 the defendant was convicted of a felony in the 7th Circuit Court of Missouri, Clay County, and
>
> Third, that the defendant acted knowingly with respect to the facts and circumstances submitted in this instruction,
>
> then you will find the defendant guilty of unlawful possession of a firearm[.]

---

[2] During the instructions conference, defense counsel unambiguously stated that he had no specific objection to any of the instructions. There was reference made by the Trial Court to the defense's "general objection to all of the instructions" that was overruled. The transcript does not provide any clarity as to the nature of this "general objection" and Garoutte does not contend that the issue raised in this appeal was preserved. However, it appears from the transcript that the "general objection" comment may have been a remnant from an informal instructions conference held the previous night. While a "general objection" likely would not have preserved the instructional error raised in this appeal, we would be remiss if we did not take this opportunity to reiterate that parties wishing to preserve issues for appeal relating to jury instructions must take care in making a full record of their objections at the instructions conference, as comments made during an informal, off-the-record instructions conference are not part of the record and preserve nothing for appeal. *See State v. Kerksiek*, 670 S.W.3d 32, 41 (Mo. App. W.D. 2023).

The verdict director defined "firearm" as "any weapon that is designed or adapted to expel a projectile by the action of an explosive."

Garoutte was found guilty of unlawful possession of a firearm and was sentenced to a term of seven years in the Missouri Department of Corrections.

This appeal follows.

**Standard of Review**

Garoutte concedes that his claim of instructional error was not preserved due to his counsel's failure to assert a specific objection to the verdict director offered by the State. *See State v. Kerksiek*, 670 S.W.3d 32, 41 (Mo. App. W.D. 2023) ("If a party fails to lodge a specific and timely objection at trial and in the motion for new trial, the claimed instructional error is not preserved for review.") Therefore, we may only review Garoutte's claim for plain error. *See* Rule 30.20 ("[P]lain errors affecting substantial rights may be considered in the discretion of the court ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.").

> Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review. The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review. Unless manifest injustice or a miscarriage of justice is shown, an appellate court should decline to review for plain error under Rule 30.20. Finally, the defendant bears the burden of demonstrating manifest injustice entitling him to plain error review.

*State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (internal citations and marks omitted).

## Analysis

Garoutte raises a single point on appeal, arguing that the Trial Court plainly erred by submitting a verdict director that "failed to correctly state the law and lessened the State's burden of proof" because it "omitted an essential element" of the crime. As is pertinent to this appeal, a person commits the offense of unlawful possession of a firearm "if such person knowingly has any firearm in his or her possession and . . . [s]uch person has been convicted of a felony under the laws of this state[.]" Section 571.070.1(1) RSMo (2020).[3] The parties agree that there is a statutory exception to this offense that permits a convicted felon to possess an "antique firearm."[4] *See* § 571.070.3. Garoutte argues that this exception is an "essential element" of the offense that is required to be included in the verdict director and for which the State bears the burden of production and persuasion. The State counters that the "antique firearm" exception is an affirmative defense that the defendant must inject and prove at trial.

---

[3] All statutory references are to the Revised Statutes of Missouri (Cumulative Supp. 2020) unless otherwise noted.

[4] An antique firearm "is any firearm not designed or redesigned for using rim fire or conventional center fire ignition with fixed ammunition and manufactured in or before 1898, said ammunition not being manufactured any longer; this includes any matchlock, wheel lock, flintlock, percussion cap or similar type ignition system, or replica thereof[.]" § 571.010(1)(a) RSMo (Supp. 2008).

We first observe that the verdict director given to the jury in this case complied with the MAI-CR 4th pattern instruction for the offense of unlawful possession of a firearm which provides:

(As to Count _, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [date], in the State of Missouri, the defendant possessed a [Describe the firearm.], a firearm, and

Second, that on [date preceding the date of possession] the defendant was convicted of (a felony) (the felony of [Insert name of felony.] in the [Insert name of court and jurisdiction.]), and

Third, that the defendant acted knowingly with respect to the facts and circumstances submitted in this instruction,

then you will find the defendant guilty (under Count _____) of unlawful possession of a firearm.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "firearm" means any weapon that is designed or adapted to expel a projectile by the action of an explosive.

As used in this instruction, the term "possessed" means having actual or constructive possession of an object with knowledge of its presence. A person has actual possession if the person has the object on his or her person or within easy reach and convenient control. A person has constructive possession if the person has the power and the intention at a given time to exercise dominion or control over the object either directly or through another person or persons. (Possession may also be sole or joint. If one person alone has possession of an object, possession is sole. If two or more persons share possession of an object, possession is joint.)

MAI-CR 4th 426.14. The pattern instruction contains no language concerning the "antique firearm" exception. The Notes on Use similarly do not require the pattern instruction to be modified to include a jury finding that the weapon in question is not an "antique firearm."

6

In fact, the Notes on Use contain no mention of "antique firearm." "Whenever there is an MAI–CR instruction applicable under the law …, the MAI–CR instruction is to be given to the exclusion of any other instruction." *State v. Deck*, 303 S.W.3d 527, 545 (Mo. banc 2010) (quoting *State v. Ervin*, 979 S.W.2d 149, 158 (Mo. banc 1998)) (alteration in original). "Error results when a trial court fails to give a mandatory instruction." *Id.*

Garoutte nevertheless argues that proving that the weapon alleged to have been possessed by the defendant is not an "antique firearm" is an element of the offense, rendering MAI-CR 426.14 in conflict with the substantive law and therefore must not be followed. *See State v. Carson*, 941 S.W.2d 518, 520 (Mo. banc 1997) ("If an instruction following MAI–CR3d conflicts with the substantive law, any court should decline to follow MAI–CR3d or its Notes on Use"). We disagree. "The elements of an offense are derived from the statute establishing the offense or, when relevant, common law definitions." *State v. Myles*, 479 S.W.3d 649, 660 (Mo. App. E.D. 2015) (quoting *State v. Hines*, 377 S.W.3d 648, 655 (Mo. App. S.D. 2012). The general rule is that where an exception appears in the section of the statute defining the offense, the State has the burden to prove that the relevant facts do not fall within the reach of the exception. *See State v. Balbirnie*, 541 S.W.3d 702, 711 (Mo. App. W.D. 2018). The elements of unlawful possession of a firearm are set forth in section 571.070.1(1)-(2), which provides:

> 1. A person commits the offense of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and:
>
> > (1) Such person has been convicted of a felony under the laws of this state, or of a crime under the laws of any

state or of the United States which, if committed within this state, would be a felony; or

(2) Such person is a fugitive from justice, is habitually in an intoxicated or drugged condition, or is currently adjudged mentally incompetent.

The "antique firearm" exception is found in subsection 3 of the statute, and provides that: "[t]he provisions of subdivision (1) of subsection 1 of this section shall not apply to the possession of an antique firearm." § 571.070.3.

Where an exception "is found in a separate clause or part of the statute disconnected from the definition of the offense[,]" it is not for the prosecution to negate. *Balbirnie*, 541 S.W.3d at 711 (noting specifically that an "exception is found in a separate clause or . . . disconnected from the definition" it is "for the defendant to claim as a matter of affirmative defense."). As the "antique firearm" exception is contained in a separate and distinct clause from that portion of the statute defining the offense, we find that establishing that "the unlawfully possessed firearm is not an antique firearm" is not an element of the crime.[5] As a result, the Trial Court did not commit error, plain or otherwise, by not including language related to the "antique firearm" exception in the verdict director.[6]

---

[5] This is further supported through the myriad of cases finding that unlawful possession of a firearm under section 571.070 contains two elements: that the defendant knowingly had a firearm in his possession; and that the defendant has previously been convicted of a felony, or is a fugitive from justice, habitually intoxicated, or mentally incompetent. *See e.g. State v. Brown*, 683 S.W.3d 680, 689 (Mo. App. S.D. 2023); *State v. King*, 674 S.W.3d 218, 231 (Mo. App. W.D. 2023); *State v. Fikes*, 597 S.W.3d 330, 334 (Mo. App. W.D. 2019); *State v. Glass*, 439 S.W.3d 838, 846 (Mo. App. E.D. 2014).

[6] While the "antique firearm" exception is not an element of the offense of unlawful possession of a firearm, it is a defense to that charge. However, we need not determine whether it is an affirmative defense, as argued by the State, or a special negative defense, because neither classification would aid Garoutte. In both situations, the defendant has the burden of injecting the issue into the case.

Point denied.

## Conclusion

For the foregoing reasons, the judgment of the Trial Court is affirmed.

_____
Edward R. Ardini, Jr., Presiding Judge

All concur

---

*See e.g. State v. Davis*, 71 S.W.3d 659, 665 (Mo. App. W.D. 2002) (The State has the burden to disprove a special negative defense, but only once the defendant "first produces evidence sufficient to inject the defense at trial."); *State v. Jones*, 519 S.W.3d 818, 825 (Mo. App. W.D. 2017) (explaining that an affirmative defense "is an independent bar to liability in which the defendant carries the burden of persuasion . . . that the defense is more probably true than not.").

A careful review of the record reveals that not a scintilla of evidence was offered by Garoutte in support of a claim that the Glock at issue was an "antique firearm." By failing to inject the issue of the "antique firearm" exception into the case, Garoutte would not have been entitled to an affirmative defense or special negative defense instruction on the topic.