STATE of Missouri, Respondent,

v.

Larry Allen HAYES, Appellant.

No. 59735.

Supreme Court of Missouri,
En Banc.

March 13, 1978.

Rehearing Denied April 10, 1978.

Jerry L. Wilkerson, Salem, for appellant.

° John D. Ashcroft, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, for respondent.

MORGAN, Chief Justice.

A jury convicted appellant of possessing barbiturates (a controlled substance) and the court sentenced him to a seven year prison term. After appeal, we sustained an application to transfer from the Court of Appeals and now consider the same as on "original appeal." Rule 83.09.

We have decided that the issues involved call for rejection of the attack on appellant's brief. *Mills v. Keasler*, 395 S.W.2d 111[1] (Mo.1965).

There being no challenge to the sufficiency of the evidence, a brief outline thereof should suffice.

On October 20, 1973, appellant lived in West Plains and planned a trip to Moberly that he might visit some friends in the Medium Security Prison. He was accompanied by one Robert Watts and was operating an automobile borrowed from a girl friend. They stopped at the intersection of Highway 63 and Interstate 44 in Rolla to await Robert's brother and two others from Springfield that they might complete the trip together. After being parked at 2:15 A.M. for some fifteen minutes in the parking area for the Manor Inn Motel, two troopers of the highway patrol observed that the automobile had one old license and one new (the other new license being in the back seat). When asked to exhibit the vehicle's registration certificate, appellant opened the glove compartment and out fell a plastic bag containing a pill bottle with 195 capsules. Arrest and trial followed.

■ First, after deliberating for one hour and thirty minutes, the jury returned to the courtroom and the following proceedings were had:

THE COURT: Let the record show that at 3 o'clock the jury has been returned to the court room by the Deputy Sheriff and the Court has been handed a communication as follows: "We the jury cannot agree, 6—6, signed W. J. Vance, Foreman."

Mr. Foreman, the communique which I've read of course, cannot be accepted by this Court as a verdict. I'm going to send you back to the Jury room with the admonishment that you are to read all of the instructions which have been given to you and that you deliberate further and

thereafter return one of three verdicts. We, the jury, find the defendant, Larry Allen Hayes not guilty or We, the jury, find the defendant, Larry Allen Hayes, guilty as charged and assess his punishment and there you have two alternatives in accordance with the verdict which I have previously referred to or return a verdict that you've agreed upon the guilt but cannot agree upon the punishment.

I admonish this jury to bring back one of those verdicts and will ask you to deliberate further and to notify the Deputy when you have further communication to this Court.

Mr. Sheriff, again take this jury to the jury room with the instructions. I'm going to ask that you deliberate further. It's the opinion of this Court that twelve other jurors could not be found in this county who could do this any better than you twelve and the State is entitled to a verdict in this case as is the defendant entitled to a verdict and I don't think that we should ask twelve other jurors deliberate this matter. I am of the opinion that you twelve can do as well as any other twelve. So I'm going to ask that you go back and deliberate further.

The record reflects that the jury was so instructed orally by the court.

On the date of trial, 18 July 1974, MAI–Cr No. 1.10,[1] (captioned: "Instructions After Extended Deliberation by the Jury") was the designated and approved so-called "hammer" instruction. Paragraph No. 2 of the *Notes on Use* thereunder dictates that: "This instruction, in addition to being read to the jury, shall be handed to the jury. It shall be numbered and, when returned by the jury, filed with the other instructions of the court as provided in Rule 20.02(f)." Non-compliance with the directions noted is obvious.

Rule 20.02(e) (captioned: "Violation of Rule—Effect") provides: "Giving or failing to give an instruction or verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined."

The instruction as given constituted error and we think could have had a prejudicial effect on appellant's right to a fair trial. The giving of a hammer instruction in any case can be justified only if it points up (as MAI–Cr No. 1.10 does) that ". . . no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue." Such a caution is the crux of the instruction and its absence tends to detract from the basic duty of a juror and the fundamental concept of a fair trial.

■ Second, the verdict directing instruction failed to require a finding by the jury that appellant "knowingly" had such drugs in his possession. MAI–Cr No. 14.10 in paragraph Third, in part, calls for the jury to find ". . . that defendant was aware of the character of the drug and intentionally and *knowingly* (had it in his possession) . . ." (Emphasis added.) Said instruction was made mandatory several months prior to the instant trial. Even though delays of distribution thereof are possible, nevertheless, the result would be the same here in any event. This, for the reason this court so ruled several years earlier in *State v. Burns*, 457 S.W.2d 721 (Mo. 1970). At 725 thereof (after reference to *State v. Young*, 427 S.W.2d 510 (Mo.1968)), it was said:

The court held that the facts showed proof of possession of heroin, but at l.c.

---

1. "It is desirable that there be a verdict in every case. The trial of a lawsuit involves considerable time and effort, and the parties are entitled to have their rights determined once and for all in every case. The twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts; however, no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue. Yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict."

513 said, "* * * the test of actual or constructive possession, which may be shown circumstantially, * * * is whether 'the *defendant was aware of the presence* and character *of the particular substance*, and was intentionally and *conciously* (sic) in possession of it'" (emphasis supplied).

The above test is from the note in 91 A.L.R.2d 810, "What constitutes 'possession' of a narcotic drug proscribed by Sec. 2 of the Uniform Narcotic Drug Act." On the matter of whether it must be shown that defendant is consciously in possession of the substance, the above annotation states at 91 A.L.R.2d l.c. 821: "Knowledge of the alleged possessor, or his intention to possess, is not mentioned by the language of Sec. 2 of the Uniform Narcotic Drug Act as an element of the offense prohibited, which is merely stated to be any possession of a narcotic drug not authorized by the act. However, no case has been found in which the defendant's conviction of illegal possession of narcotics has been sustained where the prosecution has failed to prove, either directly or by inference, that the defendant had knowledge of the presence of the contraband substance * * *" The above-mentioned Sec. 2 of the Uniform Narcotic Drug Act is exactly the same as our Sec. 195.020.

* * * * * *

[5] The state's main verdict-directing instruction, instruction No. 2, however, had no requirement that the jury must find there was a knowing possession on the part of defendant. This was reversible error.

The facts of the instant case, more so than in *Burns*, call for a specific finding that appellant "knowingly" had possession. For instance, he was driving a borrowed automobile, albeit it was owned by a girl friend. Prejudice is apparent.

Other points on appeal involve whether or not objections to the introduction of certain evidence have been preserved and whether or not alleged improper arguments to the jury by the prosecutor were so preju-

dicial as to demand reversal. We have examined each point and have decided that on retrial they probably will not arise again in their present posture.

The judgment is reversed and the cause is remanded.

BARDGETT, HENLEY, FINCH, DONNELLY and SEILER, JJ., and TURNAGE, Special Judge, concur.

RENDLEN, J., not sitting.