Scott PURVIS, Appellant,

v.

STATE of Missouri, Respondent.

No. 27681.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 28, 2007.

Irene Karns, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Cecily L. Daller, Office of Attorney General, Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

A jury convicted Appellant Scott Purvis ("Movant") of driving while intoxicated. He was placed on probation, but violated it, and was sent to prison. His Rule 29.15 post-conviction motion was denied after evidentiary hearing. His appeal therefrom raises two points stemming from a jury note sent less than two hours into its deliberations, asking: "Do we have to be unanimous[1] in our decision. If so this cannot be accomplished." The trial court and counsel discussed how to respond:

> THE COURT: Now, they have only been out since 3:20. They are going to have the same problem that the next jury's going to have, and the next jury after that's going to have, I think. Now, there is an instruction—well, there's a hammer—no, I guess this is only if there was going to be sentencing. There's only the hammer. I don't know what this is; I have no idea what the split is. My intent is to tell them that—to—that, yes, you are bound by the instructions which tells you that it has to be unanimous and—
>
> [PROSECUTOR]: You must come to a decision in the case.
>
> THE COURT: Well, I'm not going to say you must come to—you need to follow the instructions and keep deliberating.
>
> [PROSECUTOR]: Might be a little too early to hammer them.
>
> THE COURT: Because that's almost close to a hammer of saying you must come to a decision.
>
> [PROSECUTOR]: Okay.

THE COURT: That's why I was a little concerned about that language. But—

[PROSECUTOR]: I should have warned you that that case in Jackson County was a hung jury.

THE COURT: I probably also will send an announcement in and ask them about ordering dinner, to give them the understanding that we're not leaving soon.

[DEFENSE COUNSEL]: Fair enough, Judge.

THE COURT: Okay. Here is what I've written in the answer: "You all have to agree on a verdict, and you are instructed to follow the instructions." Anything, Mr. Crank, that you want to add or object to?

[PROSECUTOR]: No, Your Honor.

THE COURT: Mr. Collins?

[DEFENSE COUNSEL]: No, Your Honor.

Thereafter, the jury deliberated two more hours before reaching its verdict.

### Jury Coercion

Movant claims the trial court's reply coerced the jury; thus the trial court erred (Point I) and trial counsel was ineffective for failing to object (Point II). The motion court concluded otherwise, and Rule 29.15(k) limits us to deciding if that court's conclusions are clearly erroneous. Thus, we begin with the motion court's analysis of the coercion issue, which starts by observing the jury deliberated less than two hours before sending the note:

> The Court declined to give the jury the hammer instruction at that point, believing apparently that they had not been out long enough to justify the instruction. (Tr. P. 250) He also properly re-

---

**1.** This word was misspelled in the note.

fused to tell the jury that they had to come to a decision in the case as requested by the Prosecutor. (Tr. P. 250) Such a statement would have been close to the impermissibly coercive instructions given in *State v. Hayes,* 563 S.W.2d 11 (Mo.App.1978) and *State v. Burns,* 808 S.W.2d 1 (Mo.App. E.D.1991) cited by the Movant. The Court's response took neither course, but simply stated:

> "You all have to agree on a verdict, and you are instructed to follow the instructions."

Taken in context, the response answers the direct question posed by the jurors and refers the jurors to the instructions which also direct that the verdict must be unanimous and agreed to by each juror. Neither *Burns,* nor *Hayes* are *apropos* of the facts of this case. In *Burns,* in addition to other major problems with the verdict, the Court told the jury it must reach a verdict; ten minutes later, after hours of deliberation, the jury returned a verdict as directed. In *Hayes,* the Court went so far as to tell the jury that it could only return one of three possible verdicts. Much closer to the facts in this case is *State v. Campbell,* 147 S.W.3d 195 (Mo.App. S.D.2004). In Campbell, the jury had been out for an hour and forty minutes when it indicated that it was deadlocked. The Court did not give a formal hammer instruction, but sent the jury back to deliberate further, indicating that he wanted them to return to the jury room and

> ... fill out the appropriate verdict forms to which you unanimously agree, to be obviously signed by the foreperson.

The jury then deliberated for an additional two hours and fifteen minutes. The jury in this case, after receiving the Court's response, deliberated for an additional two hours. Missouri courts have found that further deliberations of as little as thirty minutes are an indication that the verdict was not coerced. *See, e.g., State v. Johnson,* 948 S.W.2d 161, 164 (Mo.App. E.D.1997); *State v. Jackson,* 896 S.W.2d 77, 80 (Mo.App. W.D.1995). The *Campbell* court, citing *[State v.] Hinkle,* [987 S.W.2d 11 (Mo. App. 1999)] noted that there is no error when the judge makes a comment not requiring the jury to find a verdict, but merely to continue its deliberations. (*Campbell* at 203) This Court did not even direct the jury to continue its deliberations, merely advised them that the verdict must be unanimous.

The situation in this case is somewhat akin to *State v. Goudeau* in which the Court's comment, taken out of context, could be construed as coercive. However, under the totality of the circumstances, the Court of Appeals found that no pressure had, in fact, been placed on the jury to return a verdict or to return with a verdict within a particular span of time. *Goudeau* at p. 417) In *State v. Jackson, op.cit.,* the Court set out the test for a coerced verdict:

> The verdict is only considered coerced when under the totality of the circumstances it appears that the trial court was virtually directing that a verdict be reached and by implication indicated it would hold the jury until a verdict was reached. (*Jackson,* at p. 80)

That is not the case here and Point One is denied.

We apply Rule 29.15(k)'s clearly erroneous standard by considering the whole record to see if we are firmly and definitely convinced that a mistake was made. *Harp v. State,* 209 S.W.3d 560, 562 (Mo.App. 2007). To the contrary, we agree with the motion court's conclusions. We particularly note the trial court's reply "instructed"

the jurors "to follow the instructions," [2] and they deliberated two more hours thereafter. We cannot find "under the totality of the circumstances, that the trial court was virtually mandating that a verdict be reached, and by implication, it would hold the jury until such occurrence." *State v. Evans*, 122 S.W.3d 731, 734 (Mo. App.2003). The motion court's rejection of Movant's coercion claim, as a predicate for post-conviction relief, is not clearly erroneous. With that in mind, we turn to Movant's specific appeal points.

### Point I

Point I alleges the trial court's reply was a coercive, "non-pattern instruction" which violated Rule 28.02, and the trial court instead should have used the approved "hammer" instruction, MAI–CR3d 312.10, or just told the jurors to keep deliberating. This point suffers two fatal defects aside from Movant's failed coercion claim.

■ First, Rule 28.02(f) requires a timely objection—not present here—to preserve claims of instructional error. Recognizing this, Movant seeks Rule 30.20 plain error review, which is limited to situations of "manifest injustice or miscarriage of justice," and of which we recently noted:

> To show that a trial court committed plain error in submitting a jury instruction, a defendant must demonstrate more than mere prejudice. "In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the

jury's verdict." Consequently, we seldom conclude that an erroneous instruction caused plain error.

*State v. Carney*, 195 S.W.3d 567, 570 (Mo.App.2006)(internal citations omitted). Plain error relief is inappropriate since, as we have shown, it is not "apparent" that the trial court's reply "affected the jury's verdict."

■ Second, instructional error generally is not cognizable in a Rule 29.15 proceeding. *Tilley v. State*, 202 S.W.3d 726, 732 (Mo.App.2006). Rule 29.15 is not a substitute for direct appeal.[3] *State v. Tolliver*, 839 S.W.2d 296, 298 (Mo. banc 1992). Even constitutional claims that could have been appealed are not subject to post-conviction relief except in rare and exceptional circumstances when compelled by fundamental fairness. *Id.* Again, we are not persuaded the jury was coerced, so fundamental fairness does not compel departure from the general rule. Point I fails.

### Point II

Point II alleges trial counsel was ineffective in not objecting to the reply, since "there is a reasonable probability that the trial court would have sustained it, and the verdict would not have been coerced." This point fails because it depends on Movant's failed coercion claim, a deficiency not lost on the motion court:

> In his second point, Movant argues that his trial counsel was ineffective for failing to object to the Court's response in Point One and his failure to object

---

**2.** Instruction No. 9 read in part "Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the others jurors, and listened to the views of your fellow jurors" (MAI–CR3d 302.05). Instruction No. 4 told each juror to be "firmly convinced that the defendant is guilty of the

crime charged" before they could find him guilty (MAI–CR3d 302.04).

**3.** Movant abandoned, on this appeal, his motion court claim that trial counsel was ineffective in failing to file a direct appeal of his conviction.

resulted in denial of due process rights of Movant. Points One and Two are closely related in that if Movant's claim in Point One is non-meritorious, then counsel is not ineffective for failing to object. *See, e.g., Cardona–Rivera v. State,* 33 S.W.3d 635 [625] (Mo.App.S.D. 2000).[4] In his testimony at the evidentiary hearing, trial counsel stated that he did not object to the Court's response because he did not feel that it was coercive, but simply answered the jury's concern about whether or not they had to be unanimous in their verdict. To justify relief in a post conviction claim based on ineffective assistance of counsel for failure to object, the failure to object must have been of such a character as to deprive the defendant substantially of his right to a fair trial. *Ervin v. State,* 80 S.W.3d 817 (Mo.banc, 2002). If the verdict in this case was not coerced by the Court, then Movant was not denied his right to a fair trial. This Point is also denied.

We cannot find this conclusion clearly erroneous. Rule 29.15(k). We deny Point II.

Having considered the entire record, we are not firmly and definitely convinced that the motion court erred in its findings, conclusions, or order. Judgment affirmed.

PARRISH, J., and RAHMEYER, P.J., concur.

---

4. The correct citation is 33 S.W.3d 625.